[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10155
Non-Argument Calendar

_____

D.C. Docket No. 02-02648-CV-ODE-1

LONNIE L. GRIFFIN,

Petitioner-Apellant,

versus

WARDEN R. WILEY,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(July 19, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Federal prisoner Lonnie L. Griffin, proceeding pro se, appeals the district

court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. In his

petition, Griffin stated that he was convicted in the District Court for the Eastern District of Michigan of several counts of possession with intent to distribute cocaine, and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (counts 1-5); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (counts 6 and 8); and structuring a currency transaction to evade reporting requirements, in violation of 31 U.S.C. § 5324 (count 7).

Griffin asserted four claims in the instant petition. In his first two claims, he argued that he was "actually innocent" of two of his possession offenses, counts three and four of the indictment, based on United States v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002). In his third claim, he contended that he was "actually innocent" of evading reporting requirements, count seven of the indictment, as a result of Ratzlaf v. United States, 510 U.S. 135, 114 S. Ct. 655 (1994). In a fourth claim, he argued that his sentences for counts 1-5 (possession offenses) and count 7 (evasion of reporting requirements) of his conviction were unconstitutional based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

On appeal, he argues that "actual innocence" is an exception to the requirement that a petitioner satisfy the "savings clause" of 28 U.S.C. § 2255 in order to seek habeas relief under § 2241. He asserts that the test established to

2

determine the applicability of the savings clause is procedural and acts as a bar to having his claims considered on the merits, and, as a result, the actual innocence exception should apply. He contends that even if the test is an accurate interpretation of the savings clause, the test does not supersede the actual innocence exception because precedent suggests that actual innocence is a gateway to habeas relief. He argues that he alleged facts that, if true, entitled him to relief, and the court was required to determine whether his alleged facts warranted relief before considering whether the remedy under § 2255 was inadequate or ineffective. He contends that the court also was required to determine whether he was actually innocent.

We review the availability of habeas relief under § 2241 <u>de</u> <u>novo</u>. <u>Sawyer</u> <u>v. Holder</u>, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003). Section 2241 gives authority to district courts to grant a writ of habeas corpus to prisoners under certain circumstances. 28 U.S.C. § 2241. A petitioner usually collaterally attacks the validity of his federal sentence by filing a motion under 28 U.S.C. § 2255. <u>Sawyer</u>, 326 F.3d at 1365. "Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." <u>Id.</u> The savings clause provides that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

We have determined that the savings clause is applicable when: (1) a "claim is based upon a retroactively applicable Supreme Court decision;" (2) "the holding of that Supreme Court decision establishes that the petitioner was convicted for" an offense that is now nonexistent; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the . . . trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted, as 'actual innocence' is defined in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998)." Id. at 1244 n.3.

Because actual innocence alone does not determine the adequacy or effectiveness of § 2255 remedy, we established, and the district court properly utilized, a three-prong test to determine whether the savings clause was applicable.

4

As discussed below, because Griffin's claims did not satisfy this test, he failed to establish that the savings clause of § 2255 applies.

### 1. Claims 1 and 2

Section 841 makes it is unlawful for a person to possess with intent to distribute cocaine. 21 U.S.C. § 841. In <u>Cotton</u>, the Supreme Court held that a court is not deprived of its power to adjudicate a case because of defects in an indictment. 535 U.S. at 630, 122 S. Ct. At 7785. The Court concluded that the absence of a specific drug quantity in the defendant's indictment did not render his enhanced sentence plainly erroneous because the evidence of the specific quantity was "'overwhelming,'" and, therefore, the enhanced sentence did not affect the "fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 632-33; 122 S. Ct. At 1786.

The Court's decision in <u>Cotton</u> did not render nonexistent the offense of possession with intent to distribute but instead discussed the effect of the omission of the drug quantity in an indictment. The decision was not related to the actual offenses described in § 841 and did not affect the scope or validity of § 841. Additionally, because his claims are based on a sufficiency of the evidence argument, Griffin cannot show that the claims he now makes in light of <u>Cotton</u>

were squarely foreclosed during his trial, direct appeal, or first § 2255 motion. As a result, his first and second claims fail the Wofford test.

### 2. Claim 3

Section 5324 of Title 31 makes it illegal to structure a transaction with a domestic financial institution for the purpose of evading financial reporting requirements. 31 U.S.C. § 5324(a)(3). Prior to the Ratzlaf decision, § 5324 relied on a criminal enforcement provision contained in 31 U.S.C. § 5322, which subjected those "willfully violating" § 5324 to criminal penalties. United States v. Brown, 117 F.3d 471, 473 n.1 (11th Cir. 1997); Ratzlaf, 510 U.S. at 136, 114 S. Ct. at 657. In Ratzlaf, the Supreme Court held that to establish a willful violation of § 5324, the government had to prove that the defendant "acted with the knowledge that his conduct was unlawful." Ratzlaf, 510 U.S. at 137, 114 S. Ct. at 657.

Because Griffin did not show that Sixth Circuit law squarely foreclosed his claim, he failed to establish that remedy under § 2255 was inadequate or ineffective. As a result, Griffin's third claim also fails the Wofford test.

### 3. Claim 4

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. We have held that <u>Apprendi</u> is not retroactively applicable to cases on collateral review. <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001). Because <u>Apprendi</u> is not retroactively applicable in this context, Griffin's fourth claim also fails the <u>Wofford</u> test.

In sum, Griffin failed to establish that his claims satisfy the <u>Wofford</u> test. As a result, he did not show that the remedy under § 2255 is inadequate or ineffective, and, therefore, did not establish that the savings clause applies to open the portal to a § 2241 proceeding. We thus AFFIRM the district court's dismissal of his petition.

Additionally, Griffin moves to transfer back to the district court a separate § 2241 petition transferred to us by the district court . This petition seeks relief pursuant to <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738 (2005), and <u>Cotton</u>. As we have held that <u>Booker</u> does not apply retroactively on collateral review, and for the reasons stated above regarding <u>Cotton</u>, Griffin's motion is DENIED. <u>Varela v. United States</u>, 400 F.3d 864, 887 (11th Cir. 2005). Instead, Griffin's second § 2241 petition is REMANDED to the district court with instruction that it be dismissed.

**AFFIRMED, MOTION DENIED, and REMANDED.**