[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12190
Non-Argument Calendar

_____

D. C. Docket No. 05-00199-CV-2

ANGEL I. RAMIRO,

Petitioner-Appellant,

versus

WARDEN JOSE M. VASQUEZ,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 13, 2006)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Angel I. Ramiro, a <u>pro se</u> federal prisoner, appeals the dismissal of his

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  We

AFFIRM.

## I. BACKGROUND

Ramiro was convicted in the Middle District of Florida in 1994 of

conspiring to distribute cocaine and attempting to possess marijuana with the intent

to distribute, both in violation of 21 U.S.C. § 846.  The district judge sentenced

Ramiro to 236 months of imprisonment.[1]  Ramiro appealed, and we affirmed his

conviction and sentences.  United States v. Ramiro, 65 F.3d 181 (11th Cir. 1995)

(table).  Ramiro then filed a motion to vacate his sentence under 28 U.S.C. § 2255.

The government moved to dismiss his motion to vacate because it was both time-

barred and failed on the merits.  The district judge dismissed Ramiro's § 2255

motion with prejudice for the reasons stated in the government's motion to dismiss.

Subsequently, Ramiro filed the § 2241 petition at issue in this appeal.   The

government moved to dismiss his petition and contended that the petition should

fail because Ramiro could not satisfy the "savings clause" of § 2255,  R1-6 at 5-7,

and that Ramiro's claims, relying upon Blakely v. Washington, 542 U.S. 296, 124

S.Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738

(2005), were not applicable retroactively to cases on collateral review, id. at 7.

---

[1] Ramiro is incarcerated at the Federal Correctional Institution in Jesup, Georgia.

Ramiro filed a traverse to the government's motion to dismiss and reiterated the arguments made in his § 2241 petition. Ramiro also asserted that a number of factors out of his control caused him to file his prior § 2255 late and, therefore, had rendered § 2255 relief inadequate. Additionally, Ramiro contended that he was innocent of the crime for which he was convicted and that his arguments did not raise retroactivity concerns.

A magistrate judge issued a Report and Recommendation ("R&R") that recommended dismissing the § 2241 petition because Ramiro could not satisfy the savings clause of § 2255. The magistrate judge noted that, in <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999), our court held that, to satisfy the savings clause of § 2255, a petitioner must present evidence that his claims are based upon a retroactively applicable Supreme Court decision and that circuit law foreclosed his claim from being brought at the time that it otherwise should have been raised. R1-8 at 3-4. The magistrate judge concluded that Ramiro had not presented such evidence. Therefore, the magistrate judge found that none of Ramiro's claims satisfied the savings clause of § 2255 and could not be filed properly in a § 2241 petition.

Ramiro filed objections to the magistrate judge's recommendation and reiterated his previous arguments, including his contention that the Antiterrorism

and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, violates the United States Constitution by suspending habeas corpus if it forecloses his petition. Ramiro also claimed that the district judge could determine whether Booker and Blakely applied retroactively.

The district judge adopted the magistrate judge's R&R and dismissed Ramiro's § 2241 petition. Ramiro filed a motion for reconsideration and stated his prior arguments with the contention that the district judge erred by dismissing his petition without addressing the arguments that he had made in his petition. Ramiro then filed a second motion for reconsideration, which the district judge also denied. Ramiro has appealed the dismissal of his pro se § 2241 petition.

## II. DISCUSSION

On appeal, Ramiro raises a number of arguments challenging his conviction. First, Ramiro argues that the district judge made Booker errors by sentencing him based on conduct that was not in the indictment and found by a jury. Second, Ramiro contends that his attorney failed to provide him with the transcripts he needed to file a valid § 2255 motion. Third, Ramiro claims that he was "convicted and sentenced for a nonexistent offense [because] there was **no cocaine involved** on Ramiro's case." Petitioner's Br. at 10. Fourth, Ramiro asserts that the savings clause of § 2255 applies to him because he has not had an opportunity to be heard

4

regarding his allegations that the district judge erred in his criminal trial. Finally, Ramiro argues that he is actually innocent and, therefore, we should allow this petition to avoid a miscarriage of justice.

The government argues that Ramiro was ineligible to file a § 2241 petition because he has not met the requirements for invoking the savings clause of § 2255. Specifically, the government contends that Ramiro's petition fails under Wofford because he does not identify a retroactively applicable Supreme Court decision de-criminalizing his conduct. Ramiro replies that his showing of actual innocence satisfies the savings clause of § 2255 and "entitles him to pass through the **gateway portal**." Petitioner's Reply Br. at 1. Ramiro also argues that his case falls outside of the case law for "'second or successive'" motions to vacate because he has shown "'cause'" for his original procedural default in his § 2255 motion. Id. at 2. Finally, Ramiro contends that the Supreme Court's holding in House v. Bell, __ U.S.__, 126 S.Ct. 2064 (2006), permits a defendant who shows actual innocence to bring a § 2241 action.

As a preliminary matter, Ramiro may proceed before our court despite the lack of a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c)(1)(B), a federal prisoner must obtain a COA to appeal only when proceeding under § 2255. By negative implication, a federal prisoner who proceeds under § 2241 does not

5

need a COA to appeal. 28 U.S.C. § 2253(c); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. Under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255. "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam).

6

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from our court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255. We have held that such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford, 177 F.3d at 1244-45 & n. 3. Consequently, a petitioner who has filed a previous § 2255 motion that has been denied may not circumvent the successive-motion rule of AEDPA simply by filing a petition under § 2241. Id. We have established that the savings clause applies only when (1) the petitioner's "claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. For a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied, which occurs only in the narrowest of circumstances. Id.

A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Id. at 1244 n. 3. Only if a petitioner successfully "opens the portal" will

7

we take the next step and determine if the petitioner can overcome a procedural default by showing "'actual innocence.'" Id.

Ramiro is precluded from seeking relief under § 2241 because the savings clause of § 2255 does not apply. He cannot meet the initial prong of the test in Wofford because he has not demonstrated that his claim is based on a retroactively applicable Supreme Court decision. Ramiro's arguments seem to rely on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), Blakely, and Booker, but we have held that these Supreme Court decisions do not apply retroactively to cases on collateral review. McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (addressing Apprendi); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.) (per curiam), cert. denied, __ U.S. __, 126 S.Ct. 312 (2005) (addressing Blakely and Booker). Ramiro's claim that he was convicted of a nonexistent offense, presumably addressing the second prong of the savings clause of § 2255, is ineffective because he cannot satisfy the first prong of the test. Wofford, 177 F.3d at 1244 (requiring the prisoner to satisfy all three prongs). Therefore, Ramiro's petition does not satisfy the Wofford test, and he may not use the savings clause of § 2255 to file a § 2241 petition.

Additionally, House does not support Ramiro's position. House restates the well established rule that actual innocence may overcome a procedural default.

8

House, __ U.S. at __, 126 S.Ct. at 2076-77. Nonetheless, we will not address the question of whether Ramiro has overcome his procedural default until Ramiro has established that the savings clause of § 2255 applies to him and, therefore, that he can validly bring his § 2241 petition. Wofford, 177 F.3d at 1244 n. 3. Consequently, we need not rule on Ramiro's claims regarding his actual innocence, the impediments that prevented him from meeting the procedural requirements of § 2255, and the alleged Booker errors that were committed at his trial. Because Ramiro has failed to show that the savings clause of § 2255 applies to enable him to file his § 2241 petition, the district judge did not err by dismissing Ramiro's § 2241 petition.

### III. CONCLUSION

Ramiro bases his appellate challenge to his federal conviction for drug-trafficking crimes on his argument that the savings clause of § 2255 applies to permit him to file his § 2241 petition. Because we have concluded that Ramiro's petition does not satisfy the Wofford test, he may not use the savings clause of § 2255 to file a § 2241 petition. Accordingly, the district judge's dismissing Ramiro's § 2241 petition is **AFFIRMED**.

9