**In re Charles BLACKSHIRE, Petitioner.**

**No. 96–1191.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 16, 1996.

Before HATCHETT, Chief Judge, and EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Charles Blackshire applies for an order authorizing the district court to consider a second motion to vacate, set aside, or correct his sentence. Because we find that Blackshire's second motion does not contain a claim which relies on a new rule of constitutional law, we deny his application.

Under the recently amended statutes, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In his application, Blackshire asserts that *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), expressed

---

**43.** The City required only 20% minority participation.

a new rule of constitutional law. His second motion contains a claim which relies on *Bailey*.

In *Bailey,* the Supreme Court interpreted 18 U.S.C. § 924(c) which imposes punishment upon a person who "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." *Id.* at ——, 116 S.Ct. at 503 (quoting 18 U.S.C. § 924(c)). The Court held that a defendant could not be convicted under the "use" prong unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime." *Id.* at ——, 116 S.Ct. at 505. Blackshire's claim appears to be that he was wrongfully convicted under the "use" prong of § 924(c) because the government did not show sufficient evidence that he actively employed a firearm.

We reject Blackshire's assertion that *Bailey* expressed a new rule of constitutional law. *Bailey* did not express a new rule of constitutional law; rather, it merely interpreted a substantive criminal statute using rules of statutory construction. *See United States v. Andrade,* 83 F.3d 729, 730 n. 1 (5th Cir.1996) (stating in effect that *Bailey* interpreted a substantive criminal statute but did not express a new rule of criminal procedure).

For these reasons, we deny Blackshire's application.

APPLICATION DENIED.