[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2003
THOMAS K. KAHN
CLERK

No. 01-16398

D. C. Docket No. 00-00292 CV-OC-10

JAMES SAWYER,

Petitioner-Appellant,

versus

CARLYLE HOLDER, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(April 14, 2003)**

Before DUBINA, RONEY and COX, Circuit Judges.

DUBINA, Circuit Judge:

In this appeal, we consider whether petitioner James Sawyer's ("Sawyer") *Richardson*[1] claim falls within the purview of 28 U.S.C. § 2255's savings clause. Because we hold that Sawyer was not convicted of a nonexistent offense, and thus, did not meet the second prong of the *Wofford*[2] test, his *Richardson* claim does not fall within the purview of the savings clause. Accordingly, we affirm the district court's dismissal of Sawyer's 28 U.S.C. § 2241 petition.

## I. BACKGROUND

On December 21, 1987, a federal jury in the Southern District of Florida found Sawyer guilty of several controlled substances offenses, in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2 (Counts Four, Five, Fourteen, Eighteen, and Twenty-four) and engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848 (Count Two). The district court sentenced Sawyer to a total of fifty-six years imprisonment and six years special parole, to be followed by five years supervised release. On direct appeal, this court affirmed Sawyer's convictions and sentences. *United States v. Smith*, 918 F.2d 1501, 1516 (11th Cir.

---

[1] *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999).

[2] *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999).

1990).  Sawyer then filed a 28 U.S.C. § 2255 petition challenging his convictions, which the district court denied.

Thereafter, the United States Supreme Court decided *Richardson*, which held that, with respect to a CCE charge under 21 U.S.C. § 848, a jury must agree unanimously on which specific predicate violations established the continuing series of violations prohibited by the statute.  526 U.S. at 815, 119 S. Ct. at 1709.  Sawyer requested from this court an order authorizing the district court to consider a successive § 2255 motion raising a *Richardson* claim.  We denied that request.

In September of 2000, Sawyer filed a motion pursuant to 28 U.S.C. § 2241 seeking relief under *Richardson*.  The district court applied the *Wofford* test and determined that Sawyer had failed to make the showing required to invoke the savings clause of § 2255.  The district court further found that even if Sawyer's claim fell within the purview of the savings clause, he would still be unable to demonstrate the cause and prejudice or actual innocence necessary to excuse his procedural default.  Sawyer timely appealed.[3]

---

[3]  As a preliminary matter, Sawyer may proceed before this court despite the lack of a certificate of appealability ("COA").  Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal.  In contrast, § 2253(c)(1)(B) explicitly requires a federal prisoner to obtain a COA only when proceeding under § 2255.  By negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to proceed.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (allowing petitioner to proceed under 2241 without a COA), *cert. denied*, 534 U.S. 1001, 122 S. Ct. 476, 151 L. Ed. 2d 390 (2001).

## II.  ISSUE

Whether the district court properly dismissed Sawyer's 28 U.S.C. § 2241 petition, finding that Sawyer had failed to make the requisite showing to invoke the savings clause of 28 U.S.C. § 2255.[4]

## III.  DISCUSSION

Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255.  *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990).  Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[4]  The availability of habeas relief under § 2241 presents a question of law that this court reviews *de novo*.  *See Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).

28 U.S.C. § 2255. This court has interpreted this provision to mean that the savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Wofford*, 177 F.3d at 1244.

Neither the first nor third prong of *Wofford* is at issue in this case. In *Ross v. United States*, 289 F.3d 677, 681 (11th Cir. 2002), *cert. denied*, 123 S. Ct. 944, 154 L. Ed. 2d 787 (2003), we acknowledged that *Richardson* is retroactive. Additionally, as to the third prong, this circuit's decisions had foreclosed a *Richardson* claim at the time Sawyer filed his direct appeal and first § 2255 motion. *See United States v. Lehder-Rivas*, 955 F.2d 1510, 1519 n.6 (11th Cir. 1992); *United States v. Alvarez-Moreno*, 874 F.2d 1402, 1412 (11th Cir. 1989); *United States v. Rosenthal*, 793 F.2d 1214, 1226-27 (11th Cir. 1986).

The crux of this case concerns the second prong of the *Wofford* test: whether Sawyer was convicted for a nonexistent offense. Sawyer contends that *Richardson* changed the elements of a CCE offense, and that the court did not properly instruct the jury in accord with *Richardson*. Sawyer argues that pre-*Richardson*, a jury was required to find that the accused committed a series of

5

offenses, but the jury was not required to agree on what specific predicate offenses comprised this series. Post-*Richardson*, if jurors cannot agree on what specific offenses make up the continuing series, the jury may not convict the accused of the CCE offense. Thus, Sawyer posits that by changing the elements of the CCE offense, the *Richardson* Court established that petitioners, like Sawyer, who have been convicted of a CCE offense under the pre-*Richardson* interpretation of the statute are convicted of an act that the law does not make criminal.

We are not persuaded by Sawyer's arguments and find instructive the Fifth Circuit case of *Jeffers*. In *Jeffers*, the petitioner filed a § 2241 petition, relying on *Richardson* and arguing that his CCE conviction resulted from constitutionally deficient jury instructions. 253 F.3d at 829. Petitioner Jeffers was unable to raise the claim in either his direct appeal or his first § 2255 motion because circuit law foreclosed it. The Fifth Circuit considered a test similar to our *Wofford* test, but which combined the first two prongs of *Wofford*. *Id.* at 830. With regard to the nonexistent offense portion, the court stated that the petitioner must show that he was imprisoned for conduct that was not prohibited; *i.e.*, he must show that he is actually innocent. *Id.* at 830-31. The court concluded that petitioner could not show that he was convicted for conduct that did not constitute a crime.

> In sum, although the lack of an instruction requiring a unanimous jury verdict as to each of the predicate offenses underlying the CCE violation may have been a defect in Jeffers's trial, it is not the sort of defect that can support a claim under the savings clause of § 2255.

*Id.* at 831.

As the *Jeffers* court concluded, a *Richardson* claim is not the type of defect that opens the portal to a § 2241 proceeding. The conduct necessary to show a CCE offense is the same post-*Richardson*. *Richardson* clarified the standard by which a jury must find a defendant guilty of a CCE offense, but it did not invalidate CCE offenses. As such, Sawyer was not convicted of a nonexistent offense. Thus, we conclude *Richardson* has no effect on Sawyer's CCE conviction.

Moreover, Sawyer's argument is aimed more specifically at the court's failure to instruct the jury in accord with *Richardson*. Although the instruction did not mirror *Richardson* and inform the jury that it must unanimously agree on which specific predicate acts established the continuing series of violations, it did state that the drug violations had to be a part of a continuing series of violations. (R. Vol.1, Tab 5). The instruction further provided that "a continuing series of violations requires a finding that those violations were connected together as a series of related or ongoing activities as distinguished from isolated and

disconnected acts." *Id.* The fact that the jury found Sawyer guilty of these five substantive drug offenses "necessarily establishes that the jurors agreed unanimously that he was guilty of those offenses." *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000). In conclusion, the jury's unanimous finding of guilt on the five substantive drug offenses ensures that the core concern of the *Richardson* decision – that jurors might convict on the basis of violations for which there was non-unanimity – is not present in this case. *See United States v. Escobar-de Jesus*, 187 F.3d 148, 161-62 (1st Cir. 1999).

Even if we concluded, however, that Sawyer had made the necessary showing to invoke the savings clause, he would still need to demonstrate cause and prejudice or actual innocence to be entitled to habeas relief. *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). Sawyer argues that he can show cause because at the time of his direct appeal and first habeas petition, circuit precedent foreclosed his claim under *Richardson*. However, the Supreme Court rejected such an argument in *Bousley*. 523 U.S. at 623, 118 S. Ct. at 1611 (stating that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'") (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 1573 n.35, 71 L. Ed. 2d 783 (1982)).

8

Sawyer also fails to establish actual innocence. "To establish actual innocence, [Sawyer] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (internal citations and quotations omitted). The Court defined "actual innocence" as "factual innocence, not mere legal insufficiency." *Id.* As noted *supra*, Sawyer's jury convicted him of five substantive drug offenses in addition to the CCE offense. This finding is tantamount to the jury having found that Sawyer committed each of these offenses as part of the CCE. Sawyer's claim is one of legal innocence, not factual innocence. Even if his claim were a claim of factual innocence, Sawyer could not meet his burden. *See Hernandez-Escarsega v. Morris*, 43 Fed. Appx. 181 (10th Cir. 2002) (finding petitioner's *Richardson* claim to be one of legal innocence, not factual innocence, and thus, not proper for relief under § 2241), *cert. denied*, 123 S. Ct. 159, 154 L. Ed. 2d 156 (2002); *Whitener v. Snyder*, 23 Fed. Appx. 257 (6th Cir. 2001) (same).

For the foregoing reasons, we conclude the district court properly dismissed Sawyer's § 2241 petition because he could not demonstrate that § 2255 was inadequate or ineffective to test the legality of his conviction and he failed to establish cause and prejudice or actual innocence to excuse his procedural default.

**AFFIRMED.**

9