[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2005
THOMAS K. KAHN
CLERK

No. 05-12002
Non-Argument Calendar

_____

D. C. Docket No. 03-02157-CV-WBH-1

JIMMY NGUYEN,

Petitioner-Appellant,

versus

R. WILEY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 15, 2005)

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jimmy Nguyen, a federal prisoner proceeding pro se, appeals the dismissal

of his 28 U.S.C. § 2241 petition for habeas relief. Nguyen had been convicted of various RICO and Hobbs Act violations and sentenced to life imprisonment with a concurrent twenty-year sentence.[1] In February 1997, three years after his conviction was affirmed on direct appeal,[2] Nguyen filed a motion in the district court for the Eastern District of New York pursuant to 28 U.S.C. § 2255, which the court dismissed as untimely. After the district court denied relief, but before the Second Circuit issued its opinion on appeal, the Second Circuit determined that prisoners whose convictions became final before April 24, 1996 had until April 24, 1997 to file a § 2255 motion. Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). Nevertheless, the Second Circuit affirmed the dismissal of Nguyen's § 2255 motion. Three years later, in 2001, Nguyen requested permission to file a second or successive § 2255 motion, which the Second Circuit denied. Also in 2001, Nguyen filed a petition in the district court for the Central District of California for habeas relief pursuant to 28 U.S.C. § 2241. The court dismissed the petition for lack of jurisdiction. Nguyen then filed the instant petition, asserting that he was

_____

[1] Nguyen contends that the statutory maximum sentence was twenty years imprisonment, and that his enhanced sentence of life imprisonment was based on facts not found by the jury. He also contends that the enhancement illegally removed his eligibility for parole. To the extent that Nguyen raises a claim under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 542 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), such claims are not cognizable in collateral proceedings. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005); In re Anderson, 396 F.3d 1336 (11th Cir. 2005).

[2] United States v. Thai, 29 F.3d 785 (2d Cir. 1994).

2

denied due process because counsel's performance was constitutionally defective at sentencing, he was actually innocent because he faced an enhanced penalty based on facts not proven to the jury, and that his sentence was illegal because he was not eligible for parole.

The magistrate judge recommended that the petition be dismissed because Nguyen had not shown that § 2255 was inadequate or ineffective as required by Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). The magistrate judge further found that the AEDPA requirements did not constitute a suspension of the writ of habeas corpus, Nguyen could not show he was actually innocent, and he was not entitled to parole given his federal conviction. The district court adopted the magistrate judge's recommendation, over Nguyen's objections, and dismissed the petition.

On appeal, Nguyen argues that (1) the district court erred by dismissing his petition because Wofford did not apply to his circumstances and he was denied the opportunity to fully and fairly present his claims in his original § 2255 motion to vacate, which rendered § 2255 inadequate and ineffective; (2) he must be permitted to bring a collateral challenge to his sentence based on fundamental fairness and to avoid a miscarriage of justice because his original § 2255 motion was, in fact, timely, and that the refusal to permit him to bring his claims constituted a

suspension of the writ; and (3) he is actually innocent of the enhanced portion of his sentence and he should be eligible for parole.

The availability of habeas relief under § 2241 presents a question of law that we review de novo.[3] Sawyer v. Holder, 326 F.3d 1363, 1364 n.4 (11th Cir. 2003); Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

Nguyen challenges the legality of his conviction, which properly should be brought in a § 2255 motion to vacate. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255. This court in Wofford established a three-prong test to determine the applicability of the savings clause to permit a federal prisoner to file a § 2241 petition attacking his conviction or sentence. The petitioner must show (1) that his claim is based on a retroactively applicable U.S. Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion. Wofford, 177

---

[3] Nguyen filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. Nguyen is not required to obtain a COA to appeal the dismissal of a § 2241 petition. Sawyer, 326 F.3d at 1364 n.3.

4

F.3d at 1244; see also Sawyer, 326 F.3d at 1365.

Here, Nguyen cannot show that § 2255 was inadequate or ineffective, as he failed to identify any retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he could not have brought his claim earlier. See Wofford, 177 F.3d at 1244. In fact, Nguyen had the opportunity to raise his claims in a timely § 2255 motion before the district court in New York, but he failed to do so when he did not seek reconsideration of the order denying his original § 2255 motion and when did not file another § 2255 within the time period. See Crews v. Wetzel, 2005 WL 1652203 (11th Cir. July 14, 2005) (unpublished).

Moreover, although Nguyen argues that he was actually innocent of the offenses, his claims relate solely to the enhanced sentence and his allegations center on the government's failure to prove the enhancement to the jury. This claim falls under legal insufficiency rather than factual innocence, and therefore, does not establish that he was actually innocent. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that the actual innocence exception is "exceedingly narrow in scope" and requires proof of factual innocence, not just legal insufficiency), cert. denied, 535 U.S. 926 (2002); Sawyer, 326 F.3d at 1367.

Furthermore, this court has rejected the argument that Wofford's

5

requirements constitute a suspension of the writ.  See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000).

Finally, Nguyen filed a previous § 2255 motion, which was denied, albeit erroneously.  When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from the circuit court prior to filing a successive § 2255 motion.  28 U.S.C. §§ 2255, 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996).  A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive-petition rule simply by filing another petition under § 2241.  Wofford, 177 F.3d at 1245.  Accordingly, we AFFIRM the dismissal of Nguyen's § 2241 petition.