[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-11019
Non-Argument Calendar

_____

D. C. Docket No. 04-00102-CV-2

WILLIE OUTLER,

Petitioner-Appellant,

versus

ROBERT E. MCFADDEN,
Warden, Federal Satellite Low,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 18, 2005)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Willie Outler, a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On appeal, Outler argues that, in light of United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on facts neither alleged in the indictment nor proven to a jury. Outler argues that 28 U.S.C. § 2255 is an ineffective or inadequate avenue to challenge his detention because he has raised Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), claims in prior motions, including a previous § 2255 motion. He contends that because those prior motions were denied, "it was highly unlikely if the trial court would . . . reverse itself if these [s]ame allegations were presented a second time," and, therefore, any remedy under § 2255 is inadequate or ineffective.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The savings clause in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; Sawyer, 326 F.3d at 1365. The

2

burden lies with the petitioner to affirmatively show that the remedy under § 2255 is inadequate or ineffective.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th  Cir. 1979).

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255; In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996).  The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive-motion rule simply by filing a petition under § 2241.  See Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).  The savings clause only applies when (1) the movant's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244; see also Sawyer, 326 F.3d at 1365.

Outler argues that the savings clause applies to him because the Supreme Court's decision in Booker should be applied retroactively on collateral review. We have held that "the constitutional rule announced in Booker is a prototypical

procedural rule . . . . that do[es] not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005). The first prong of the savings clause test therefore has not been met because Booker is not retroactively applicable on collateral review.

The second prong of the savings clause test also has not been met because the offenses for which Outler was convicted have not been made "nonexistent" by Booker. In Sawyer, we held that where a subsequent decision "clarified the standard by which a jury must find the defendant guilty of a [specified crime]" and where the defendant was convicted under the prior standard, the defendant was not convicted of a "nonexistent offense" for the purposes of a habeas petition. Sawyer, 326 F.3d at 1366. Booker, even if it were retroactively applicable on collateral review, addressed sentencing issues. It did not invalidate the crimes for which Outler was convicted. Outler thus has not satisfied the prerequisites necessary to invoke § 2255's savings clause.

**AFFIRMED.**

4