[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2006
THOMAS K. KAHN
CLERK

No. 06-11402
Non-Argument Calendar

_____

D. C. Docket No. 06-00028-CV-ORL-28-KRS

QUENTIN RUDOLPH DIXON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 31, 2006)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Quintin Rudolph Dixon, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, for failure to demonstrate entitlement to proceed under the savings clause of 28 U.S.C. § 2255. For the reasons that follow, we affirm the district court.

## I. BACKGROUND

In September 2001, Dixon and four others were indicted by a federal grand jury for manufacturing, possessing, and conspiring to possess counterfeit federal notes, in violation of 18 U.S.C. §§ 371, 471, and 472. Dixon, without the benefit of a plea agreement, pleaded guilty to all counts against him, and was sentenced to 88 months in prison. Dixon's four co-defendants, by contrast, entered into plea agreements, under which the conspiracy count was dismissed, and were sentenced to 24 months of probation. Dixon, who did not appeal his convictions, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. After the district court denied his initial § 2255 motion, Dixon requested, and was denied, permission to file a second and successive § 2255 motion. Dixon then filed a § 2241 petition for a writ of habeas corpus, claiming ineffective assistance of counsel and erroneous calculation of his sentence. Dixon also claimed that because the Government had dismissed the conspiracy charges against his co-defendants, he was "actually innocent" of conspiracy. The district court denied his § 2241 petition, holding that

Dixon had failed to satisfy the criteria of § 2255's savings clause, and thus, as a federal prisoner, could not proceed under § 2241. On appeal, Dixon argues that: he properly filed his petition pursuant to § 2241, the district court should have addressed the merits of his petition, he is actually innocent of conspiracy, and there was a fundamental defect in his sentencing.

## II. DISCUSSION

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). On rare occasions, however, it is possible for federal prisoners to attack their convictions and sentences pursuant to § 2241 as opposed to § 2255. Id.; 28 U.S.C. §§ 2241(a), 2255. Under what is termed the "savings clause" of § 2255,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of

his detention.

28 U.S.C. § 2255. Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained only if the petitioner establishes that the § 2255 remedy is inadequate or ineffective. See id. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive our authorization before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255; In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). We have made clear that the restrictions on successive § 2255 motions, "standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause." Darby, 405 F.3d at 945. Therefore, a petitioner who has filed a previous § 2255 motion, which has been denied, may not circumvent the successive-motion rule simply by filing a petition under § 2241. Id. (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)).

We have articulated a three-prong test to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under § 2255's savings clause. According to that test, the savings clause applies when:

(1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. In order for a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. See id. If the savings clause of § 2255 applies "to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted, as 'actual innocence' is defined in Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)." Id. at 1244 n.3.

In the instant case, Dixon is precluded from seeking relief under § 2241 because the § 2255 savings clause does not apply. First, Dixon previously filed a § 2255 motion to vacate, and his motion was denied. Thus, it appears that Dixon filed his § 2241 petition in an effort to circumvent the rules limiting the scope of successive § 2255 motions. Second, Dixon cannot meet the initial prong of the Wofford criteria because he has not shown that his claims are based on any

5

retroactively applicable Supreme Court decision. Because he has not satisfied all three <u>Wofford</u> criteria, Dixon's petition does not fit within the savings clause of § 2255. Accordingly, Dixon has failed "to open the portal to a § 2241 proceeding," and he cannot argue the merits of his claims of actual innocence, improper sentencing, and ineffective assistance of counsel.

### III.  CONCLUSION

For the reasons above, we AFFIRM the district court.