[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11945
Non-Argument Calendar

_____

D. C. Docket No. 06-00078-CV-WSD-1

FRANK L. SHARPE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 12, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Frank Sharpe, a federal prisoner proceeding pro se, filed a petition for

habeas relief pursuant to 28 U.S.C. § 2241, alleging ineffective assistance of counsel and improper sentencing calculations in connection with his 1998 convictions for drug offenses.[1] The district court denied relief, finding that Sharpe's claims were proper under 28 U.S.C.§ 2255, Sharpe could not show that § 2255 was an inadequate or ineffective remedy to challenge his convictions, and Sharpe had previously filed a § 2255 motion and did not have permission to file a second or successive motion. Sharpe now appeals.

The availability of habeas relief under § 2241 presents a question of law that we review de novo.[2] Sawyer v. Holder, 326 F.3d 1363, 1364 n.4 (11th Cir. 2003); Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

Here, the court properly denied relief. Sharpe challenges the legality of his conviction, which is properly brought in a § 2255 motion to vacate. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his

---

[1] Sharpe also filed a writ of mandamus, requesting that he not be transferred to another facility so that he could prosecute his petition. The district court denied mandamus relief as moot. Sharpe does not challenge this decision, and, therefore, he has abandoned it. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

[2] Sharpe filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. Sharpe is not required to obtain a COA to appeal the dismissal of a § 2241 petition. Sawyer, 326 F.3d at 1364 n.3.

detention. 28 U.S.C. § 2255. In <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999), this court established a three-prong test to determine the applicability of the savings clause to permit a federal prisoner to file a § 2241 petition attacking his conviction or sentence. The petitioner must show (1) that his claim is based on a retroactively applicable U.S. Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion. <u>Wofford</u>, 177 F.3d at 1244; <u>see also</u> <u>Sawyer</u>, 326 F.3d at 1365.

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from the circuit court prior to filing a successive § 2255 motion. 28 U.S.C. §§ 2255, 2244(b)(3); <u>In re Blackshire</u>, 98 F.3d 1293, 1293 (11th Cir. 1996). A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive-petition rule simply by filing another petition under § 2241. <u>Wofford</u>, 177 F.3d at 1245.

Here, Sharpe cannot show that § 2255 was inadequate or ineffective, as he failed to identify any retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he could not have brought his claim

3

earlier.[3]  See Wofford, 177 F.3d at 1244.  Moreover, Sharpe filed a previous

§ 2255 motion, which was denied, and he cannot use § 2241 as a means to

circumvent the limits on successive applications or to show that § 2255 is

inadequate or ineffective.

Finally, to the extent Sharpe argues that he was actually innocent of the

offenses, his claims amount to legal insufficiency rather than factual innocence,

and therefore, do not establish that he was actually innocent. The actual innocence

exception is "exceedingly narrow in scope" and requires proof of factual

innocence, not just legal insufficiency.  Johnson v. Alabama, 256 F.3d 1156, 1171

(11th Cir. 2001), cert. denied, 535 U.S. 926 (2002); Sawyer v. Holder, 326 F.3d

1363, 1367 (11th Cir. 2002).  Accordingly, we **AFFIRM.**

---

[3]  To the extent that Sharpe challenges his sentencing guidelines calculations on Booker grounds, 543 U.S. 220 (2005), this court has held that Booker is not retroactively applicable to cases on collateral review.  Varela v. United States, 400 F.3d 864 (11th Cir. 2005).  Nor has this court held that Booker would permit a second or successive § 2255 motion.  In re Anderson, 396 F.3d 1336 (11th Cir. 2005).

4