[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15680
Non-Argument Calendar

_____

D. C. Docket No. 06-00292-CV-OC-10-GRJ

DAVID CORREA,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP-1,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 28, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

David Correa, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his petition for habeas relief, brought pursuant to 28 U.S.C. § 2241. After a thorough review of the record, we affirm.

Correa, a federal prisoner serving a term of life imprisonment following his convictions for various drug-related offenses, filed a pro se petition for habeas relief pursuant to § 2241 and 18 U.S.C. § 4001(a),[1] challenging his convictions and sentences as unconstitutional under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1782, 152 L.Ed.2d 860 (2002), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He further claimed that he was actually innocent of the offenses for which he was convicted. In his petition, he admitted that he had filed a direct appeal and a motion to vacate under 28 U.S.C. § 2255, as well as a second and successive motion to vacate.

The district court dismissed the petition on the grounds that Correa was challenging the legality of his confinement, but had not shown that § 2255 was inadequate or ineffective under Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). The court noted that Apprendi and Booker were not retroactively applicable to

---

[1] That statute provides, "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). Correa misunderstands the applicability of this statute, as "the statutory creation of the federal courts is sufficient to meet the requirements" of the Act. See Armstrong v. Guccione, 470 F.3d 89, 105 (2d Cir. 2006), petition for cert. filed, (No. 06-1278) (Mar. 19, 2007). Moreover, this statute typically applies to war-time detentions. See Hamdi v. Rumsfeld, 542 U.S. 507, 542-551, 124 S.Ct. 2633 2654-2659, 159 L.Ed.2d 578 (2004) (Souter, J. concurring).

2

cases on collateral review, and that Correa's claims of actual innocence amounted to legal insufficiency rather than the required factual innocence. Correa now appeals, explaining that he is challenging the authority of the Bureau of Prisons to continue to detain him, which is a challenge to the execution of his sentences that is properly brought under § 2241.

The availability of habeas relief under § 2241 presents a question of law that we review de novo.[2] Sawyer v. Holder, 326 F.3d 1363, 1364 n.4 (11th Cir. 2003).

Despite Correa's attempts to characterize his challenge as related to the execution of his sentences, Correa actually challenges the constitutionality of his convictions and sentences, which are claims properly brought in a § 2255 motion to vacate. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255. This court in Wofford established a three-prong test to determine the applicability of the savings clause to permit a federal prisoner to file a § 2241 petition attacking his conviction or sentence. The petitioner must show (1) that his claim is based on a retroactively applicable U.S.

---

[2] Correa filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. Correa is not required to obtain a Certificate of Appealability to appeal the dismissal of a § 2241 petition. Sawyer, 326 F.3d at 1364 n.3.

3

Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion. Wofford, 177 F.3d at 1244; see also Sawyer, 326 F.3d at 1365.

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from the circuit court prior to filing a successive § 2255 motion. 28 U.S.C. §§ 2255, 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive-petition rule simply by filing another petition under § 2241. Wofford, 177 F.3d at 1245.

Here, Correa cannot show that § 2255 was inadequate or ineffective, as he failed to identify any retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he could not have brought his claim earlier. See Wofford, 177 F.3d at 1244. Notably, this court has held that Apprendi and Booker are not retroactively applicable to cases of collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S.Ct. 312 (2005). Moreover, Correa filed a previous § 2255 motion and a motion to file a second and successive motion to vacate, which were denied, and he cannot use

4

§ 2241 as a means to circumvent the limits on successive applications or to show that § 2255 is inadequate or ineffective.

Finally, to the extent Correa argues that he was actually innocent of the offenses, his claims amount to legal insufficiency rather than factual innocence, and therefore, do not establish that he was actually innocent. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), cert. denied, 535 U.S. 926 (2002); Sawyer v. Holder, 326 F.3d 1363, 1367 (11th Cir. 2002).

For the foregoing reasons, we AFFIRM.