[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-14176
Non-Argument Calendar

_____

D. C. Docket No. 09-00298-CV-OC-10-GRJ

LUIS H. CANO,

Petitioner-Appellant,

versus

WARDEN, FCC Coleman - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 23, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Luis H. Cano, a pro se federal prisoner, appeals the district court's dismissal

of his petition for habeas corpus. After review, we affirm.[1]

In 1998, Cano was convicted of 69 counts related to a nationwide cocaine and marijuana trafficking and money laundering network. The district court sentenced Cano to one mandatory life sentence, twelve concurrent life sentences, and fifty-six concurrent sentences of 240 months' imprisonment. Cano appealed to this Court, which vacated his conviction on one count of possession with intent to distribute marijuana and affirmed his convictions on the other 68 counts. United States v. Cano, 289 F.3d 1354 (11th Cir. 2002). In November 2004, Cano filed in the district court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In October 2008, the district court denied Cano's § 2255 motion.

In July 2009, Cano filed this petition, which he purported to bring under the "1940th edition of 28 U.S.C. § 451 et seq.," sections of the United States Code predating 28 U.S.C. §§ 2241 and 2255. Cano argued for collateral relief on two grounds attacking the jurisdiction of the district court over his criminal prosecution. The district court construed Cano's filing as a 28 U.S.C. § 2241 petition and dismissed it because Cano previously had been denied § 2255 relief and § 2255's savings clause did not apply. Cano filed this appeal.

Typically, collateral attacks on the validity of a federal conviction or

---

[1]The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

sentence must be brought under § 2255. <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). Under limited circumstances, however, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. <u>See</u> 28 U.S.C. §§ 2241(a), 2255(e). That provision, known as the "savings clause," permits a federal prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." 28 U.S.C. § 2255(e).

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). Such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999). Thus, the savings clause does not permit a prisoner to circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition. <u>Id.</u>

In <u>Wofford v. Scott</u>, this Court established that § 2255's savings clause applies only when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the

3

petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. In order for a petitioner to avail himself of the § 2241 remedy, all three Wofford criteria must be met. See id. at 1244. A petitioner may not argue issues raised in his petition until he has "open[ed] the portal" to § 2241 by demonstrating that the savings clause applies. See id. at 1244 n.3.

Here, Cano is precluded from seeking relief under § 2241 because § 2255's savings clause does not apply.[2] Cano already has filed a prior § 2255 motion that was denied. On appeal, Cano does not make any argument that his claims are based on a retroactively applicable Supreme Court decision, much less one that might establish that he was convicted of nonexistent offenses. Thus, Cano has not satisfied the first prong of the Wofford test. Because Cano has not shown the applicability of § 2255's savings clause, we, like the district court before us, do not consider the merits of Cano's habeas petition.

Cano argues that he was entitled to a hearing on the merits because his claims involved jurisdictional defects that cannot be precluded. Under Wofford, even if a petitioner claims the district court lacked jurisdiction in the underlying criminal proceeding, the petitioner cannot avail himself of the § 2241 remedy unless the savings clause criteria are met. See Wofford, 177 F.3d at 1238

_____

[2]We find meritless Cano's argument that §§ 2241 and 2255 were invalidly enacted and, therefore, that the district court erred in construing his petition as one brought under § 2241.

4

(applying the <u>Wofford</u> criteria to a claim that the trial court lacked jurisdiction to impose petitioner's sentence).  Thus, we do not address Cano's claims that the trial court lacked jurisdiction in his underlying criminal proceedings.

Because § 2255's savings clause does not apply, the district court properly dismissed Cano's habeas petition.

**AFFIRMED.**