[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2010
JOHN LEY
CLERK

No. 09-13292
Non-Argument Calendar
_____

D. C. Docket No. 09-21338-CV-DLG

ANTONIO HERNANDEZ, JR.

Petitioner-Appellant,

versus

WARDEN,
D.B. Drew,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2010)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Hernandez, Jr., a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. After review, we affirm.[1]

## I. Three Prior Post-Conviction Motions

In 1996, Hernandez was convicted of conspiracy to commit murder for hire, murder for hire, arson and mail fraud. This Court affirmed Hernandez's convictions and sentences on direct appeal. See United States v. Hernandez, 141 F.3d 1042 (11th Cir. 1998). In October 1999, Hernandez filed his first motion to vacate pursuant to 28 U.S.C. § 2255, which the district court denied on the merits. In March 2004, Hernandez filed a second § 2255 motion, which the district court denied without prejudice because Hernandez had not obtained permission from this Court to file a successive § 2255 motion.

In June 2007, Hernandez pro se filed a "Motion for Relief from the Judgment," in which he argued that his convictions were improper because the district court had dismissed the original indictment. The district court summarily denied the motion. On appeal, this Court noted that if construed as a § 2255 motion, Hernandez's motion was due to be dismissed as an unauthorized successive motion. However, the Court affirmed the denial on the merits,

_____

[1]The availability of habeas relief under § 2241 presents a question of law we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

explaining that the counts upon which Hernandez was convicted and sentenced were in the third superseding indictment, which was not dismissed. United States v. Hernandez, No. 07-13231, slip op. at 3 (11th Cir. Sept. 11, 2008) (unpublished).

## II. Current § 2241 Petition

In May 2009, Hernandez pro se filed this § 2241 petition. Hernandez's petition reiterated his argument raised in his June 2007 Motion for Relief from the Judgment. The magistrate judge issued a report ("R&R") recommending that the § 2241 petition be denied. The R&R concluded that the § 2241 petition was "in legal effect" an unauthorized § 2255 motion, that Hernandez had not shown that the remedies under § 2255 were "ineffective or unavailable," and that Hernandez was merely trying to circumvent the requirements for filing a successive § 2255 motion. The district court adopted the R&R over Hernandez's objection and dismissed the § 2241 petition. Hernandez filed this appeal.[2]

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. See 28 U.S.C. § 2255(e). That provision,

---

[2]Although the magistrate judge construed Hernandez's notice of appeal as an application for a certificate of appealability ("COA") and granted it, we note that a federal prisoner can appeal without a COA if he is proceeding under § 2241. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

3

known as the "savings clause," permits a federal prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." Id.; see also Sawyer, 326 F.3d at 1365. The savings clause does not permit a prisoner to circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

In Wofford v. Scott, we established that § 2255's savings clause applies only when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. In order for a prisoner to avail himself of the § 2241 remedy, all three Wofford criteria must be met. See id. A petitioner may not argue issues raised in his petition until he has "open[ed] the portal" to § 2241 by demonstrating that the savings clause applies. See id. at 1244 n.3.

On appeal, Hernandez argues the merits of his attack on his convictions and sentences; he does not argue that he meets any of the three Wofford criteria. Given that Hernandez does not point to any retroactively applicable Supreme Court

4

precedent, much less one that might establish that he was convicted of nonexistent offenses, he has not shown the applicability of § 2255's savings clause. Accordingly, we, like the district court before us, do not consider the merits of his § 2241 petition.[3] Because the savings clause does not apply, the district court properly dismissed Hernandez's § 2241 petition.

**AFFIRMED.**

---

[3]Contrary to Hernandez's argument, even when a petitioner claims jurisdictional defects in the underlying criminal trial, the petitioner may not avail himself of the § 2241 remedy unless the savings clause criteria are met. See Wofford, 177 F.3d at 1238, 1245 (applying the Wofford criteria to a claim that the trial court lacked jurisdiction over petitioner's underlying criminal conviction). Thus, we do not address Hernandez's argument that the trial court lacked jurisdiction to enter his underlying criminal convictions.