[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2010
JOHN LEY
CLERK

No. 09-16447
Non-Argument Calendar

_____

D. C. Docket No. 09-00362-CV-OC-10GRJ

CLEVELAND WINSTON KILGORE,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 15, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* appellant-petitioner Cleveland Winston Kilgore, a federal prisoner,

appeals the court's dismissal of his 28 U.S.C. § 2241 habeas petition.

Kilgore was convicted of bank fraud and aggravated identity theft and sentenced to 149 months' imprisonment in federal district court in Maryland. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. Although Kilgore never filed a motion to vacate under 28 U.S.C. § 2255, he did file two challenges to his conviction and sentence under 28 U.S.C. § 2241, alleging that his conviction was null and void.

After the district court in Maryland dismissed his motions, Kilgore filed another § 2241 habeas petition in the district court in South Carolina, where he was incarcerated. When Kilgore was transferred to a correctional institution in Florida, his petition was reassigned to the district court in the Middle District of Florida, where it was denied with prejudice. Kilgore now appeals the denial of his § 2241 petition.

The availability of habeas relief under § 2241 presents a question of law that we review *de novo*. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). A provision of § 2255 known as the savings clause, however, permits a federal prisoner, under limited circumstances, to file a habeas petition pursuant to § 2241.

*See* 28 U.S.C. §§ 2241(a), 2255(e).

A § 2241 petition may only be entertained under § 2255's savings clause if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause applies to a claim when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

After a review of the record, we conclude that the district court properly dismissed Kilgore's petition because he failed to show that his claim was based on a retroactively applicable Supreme Court decision. His inability to make this showing denies him access to § 2255's savings clause and relief under § 2241. We, therefore, affirm the district court's order dismissing Kilgore's § 2241 petition.[1]

**AFFIRMED.**

---

[1] Because we affirm on this ground, we do not address the district court's conclusion that Kilgore's petition was successive or an abuse of the writ.