**Carnell DONALDSON, Petitioner-Appellant,**

v.

**WARDEN, FCI COLEMAN MEDIUM, Respondent-Appellee.**

No. 16-11432

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(April 18, 2017)

Carnell Donaldson, Pro Se

Jillian M. Jewell, Linda Julin McNamara, Michelle Thresher Taylor, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL; Roberta Josephina Bodnar, U.S. Attorney's Office—FLM, Ocala, FL, for Respondent-Appellee

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Carnell Donaldson, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for a lack of subject matter jurisdiction. Donaldson filed his § 2241 petition in July 2013. In it, he raised four claims: (1) he was actually innocent of offenses under 21 U.S.C. §§ 848(a), (b), and 841(b)(1)(A); (2) he was actually innocent of an offense under 21 U.S.C. § 848(b); (3) his rights under the Fifth and Sixth Amendments were violated due to his conviction under § 848(a); and (4) his Fifth Amendment right to not be subject to double jeopardy was violated by his convictions under 21 U.S.C. §§ 848 and 846. The district court denied Donaldson's § 2241 petition, pointing to his four earlier unsuccessful § 2255 petitions.

Ordinarily, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, the "saving clause" of § 2255(e) allows federal prisoners to challenge the validity of a federal conviction or sentence under § 2241 if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. We review de novo whether a

prisoner may bring a § 2241 petition under the saving clause of § 2255(e). Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th Cir. 2013).

Since Donaldson filed his appeal, this Court issued its decision in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc). In McCarthan, this Court held that "ordinary sentencing challenges" may not be brought under § 2241. Id. at 1091-94. Instead only claims that cannot be remedied at all by § 2255 could be brought under § 2241. Id. In other words, any "cognizable claim" that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after McCarthan. Id. at 1086-90.

In light of McCarthan, the district court did not err in dismissing Donaldson's petition. Because all four of the claims raised in Donaldson's § 2241 petition could have been brought in a § 2255 motion to vacate, he has not met our circuit's requirements for the § 2255(e) saving clause necessary to bring a § 2241 petition. As a result, the district court did not have jurisdiction to consider Donaldson's § 2241 petition and we must affirm the denial of his petition.

**AFFIRMED.**