[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14405
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00033-MCR-EMT

MICHAEL LEROY JOHNSON,

                                                    Petitioner-Appellant,

versus

WARDEN,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 19, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Leroy Johnson, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

In 2005 Johnson pleaded guilty to two counts of producing child pornography, 18 U.S.C. §§ 2251(a), 2252, and one count of transporting child pornography in interstate commerce, 18 U.S.C. § 2252A(a)(1).  He was sentenced to a total of 140 years in prison, and we affirmed his convictions and sentence on direct appeal.  Johnson then filed a motion to vacate under 28 U.S.C. § 2255.  The district court denied that motion and his motion for reconsideration, and we denied him a certificate of appealability.  In 2017 Johnson filed this § 2241 petition, arguing that he was innocent of the charged conduct because the government had not proven the interstate commerce element of his convictions.  Finding that Johnson did not meet the requirements of § 2255(e)'s saving clause, the district court dismissed his § 2241 petition for lack of jurisdiction.

"Whether a prisoner may bring a petition for a writ of habeas corpus under the saving clause of section 2255(e) is a question of law we review de novo." McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).  Generally, a federal prisoner collaterally attacks the validity of his federal conviction and sentence by filing a motion to vacate under 28 U.S.C. § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  But under the saving clause of § 2255(e), a prisoner may bring a habeas petition under § 2241 if

2

the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

Johnson argues that § 2255(e) does not impose jurisdictional limits on § 2241 petitions.  He is wrong.  A district court may "exercise[ ] jurisdiction" over a prisoner's § 2241 claim "only if it [falls] within the saving clause of section 2255(e)."  McCarthan, 851 F.3d at 1080; see also id. at 1081 ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection.").  Johnson relies on contrary decisions from the Third and Seventh Circuits, but we are bound by McCarthan, not by the decisions of other circuits.  United States v. McGarity, 669 F.3d 1218, 1266 n.66 (11th Cir. 2012) ("It is axiomatic that this Circuit is bound only by its own precedents and those of the Supreme Court.").

Johnson argues that he still can bring this § 2241 petition because his first § 2255 motion was "inadequate or ineffective to test the legality of his detention." He asserts that it was "inadequate or ineffective" because at the time, his claim of innocence would have failed under circuit precedent.  But "[w]hether circuit precedent was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"  McCarthan, 851 F.3d at 1085–86 (quoting 28 U.S.C. § 2255(e)); see

3

also id. at 1080 ("[A] change in caselaw does not make a motion to vacate a prisoner's sentence inadequate or ineffective to test the legality of his detention.") (quotation marks omitted).  Johnson could have "tested the legality of his detention" in his first § 2255 motion "by requesting that we reconsider our precedent en banc or by petitioning the Supreme Court for a writ of certiorari."  Id. at 1087.

Because Johnson has not shown that his § 2255 motion was "inadequate or ineffective to test the legality of his detention," he may not challenge his convictions and sentence in this § 2241 petition.

**AFFIRMED.**