[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11095
Non-Argument Calendar

_____

D.C. Docket No. 8:02-cr-00122-SCB-EAJ-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT TERRILL JONES,
a.k.a. Berto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 1, 2012)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Albert Jones pro se appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 of the Sentencing Guidelines. After review, we affirm.

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, if the retroactively applicable amendment does not lower the defendant's applicable guidelines range, a sentence reduction under § 3582(c)(2) is not authorized. See U.S.S.G. § 1B1.10(a)(2)(B).[1]

In 2003, a jury convicted Jones of one count of conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine, 50 grams or more of crack cocaine and 100 kilograms or more of marijuana. At sentencing, the district court found that Jones's offense involved 15 kilograms of powder cocaine. Under the then-applicable guidelines, Jones's 15 kilograms of powder cocaine converted to 3,000 kilograms of marijuana. See U.S.S.G. § 2D1.1, cmt. n.10, Drug

---

[1]We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009). We review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." Id. (quotation mark omitted).

Equivalency Tables (2002).  In addition, Jones's 50 grams of crack cocaine converted to 1,000 kilograms of marijuana.  See id.  At sentencing, Jones was held accountable for a total of 4,100 kilograms consisting of: (1) 3,000 kilograms equivalent for the powder cocaine; (2) 1,000 kilograms equivalent for the crack cocaine; and (3) 100 kilograms of marijuana.  The district court set Jones's base offense level at 34, because the offense involved a marijuana equivalent of at least 3,000 kilograms but less than 10,000 kilograms.  See U.S.S.G. § 2D1.1(c)(3) (2002).  Thus, the powder cocaine and marijuana alone triggered the level 34 even without regard to the crack cocaine.

In 2011, Amendment 750, among other things, changed the marijuana equivalency for 1 gram of crack cocaine from 20 kilograms of marijuana to 3,571 grams of marijuana.  See U.S.S.G. app. C, amend. 750, Reason for Amendment (noting that Amendment 750 made permanent Amendment 748's temporary, emergency amendment that modified the marijuana equivalency for crack cocaine).  Jones then moved for a § 3582(c)(2) sentence reduction based on Amendment 750, and the district court denied the motion.

We find no reversible error in the district court's denial of Jones's § 3582(c)(2) motion.  Although Amendment 750 changed the marijuana equivalency for crack cocaine, it did not change the marijuana equivalency for

3

powder cocaine.  Nor did Amendment 750 alter the base offense level of 34 applicable to a defendant who is accountable for at least 3,000 kilograms of marijuana.  Both at the time of Jones's 2003 sentencing and now, 1 gram of powder cocaine is equal to 200 grams of marijuana.  See U.S.S.G. § 2D1.1, cmt. n.10(D) (2012).  Therefore, the marijuana equivalency of the powder cocaine involved in Jones's offense remains 3,000 kilograms.  And, both then and now, this 3,000 kilogram amount, alone, qualified Jones for a base offense level of 34.  See U.S.S.G. § 2D1.1(c)(3) (2012).  Thus, even though Amendment 750 changed the marijuana equivalency for Jones's crack cocaine amount, it had no effect on Jones's base offense level and did not lower his applicable guidelines range.[2]

To the extent Jones challenges the district court's finding at sentencing that Jones's offense involved 15 kilograms of powder cocaine (converted to 3,000 kilograms of marijuana equivalency), his argument is outside the scope of a § 3582(c)(2) proceeding.  See 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases in which a retroactive guidelines amendment affects the applicable

---

[2]This is not Jones's first § 3582(c)(2) motion.  In 2008, Jones filed his first § 3582(c)(2) motion, based on Amendment 706, which reduced the base offense levels for crack cocaine offenses.  Under the mistaken belief that Jones's base offense level was derived from the amount of crack cocaine involved, the district court granted Jones's motion and reduced his 300-month sentence to 243 months. Jones appealed the new sentence on other grounds.  While Jones's appeal was pending, the district court discovered its mistake and held a hearing on the issue, but ultimately concluded that it lacked jurisdiction to rectify its mistake.

4

sentencing range); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that, because § 3582(c)(2) does not provide a basis for a de novo resentencing, Supreme Court decisions by themselves do not provide § 3582(c)(2) relief because they are not retroactively applicable guidelines amendments); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that all original sentencing determinations remain unchanged except the guideline range affected by the amendment)t.  Likewise, Jones's claim that the Fair Sentencing Act's reduced statutory mandatory minimum should apply retroactively to him is not cognizable in a § 3582(c)(2) proceeding.  See 18 U.S.C. § 3582(c)(2).  In any event, Jones's sentence was not based on a statutory mandatory minimum, but was calculated under the sentencing guidelines.

For all these reasons, the district court did not abuse its discretion in denying Jones's § 3582(c)(2) motion.

**AFFIRMED.**