[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12848
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00062-SDM-TBS


ALBERT TERRILL JONES,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 5, 2013)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Albert Terrill Jones, a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. After review, we affirm.[1]

## I. BACKGROUND

### A. Direct Appeal

In 2002, Jones was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of crack cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii)(II), (iii) and (B)(vii), and 846. The charged conspiracy involved multiple participants who communicated with each other via text messages. Prior to trial, the district court granted Jones's motion to suppress the electronic records of the text messages because they were obtained without a warrant. At trial, however, the district court permitted one of Jones's co-conspirators to testify about the contents of the text messages he sent and received through his pager. After the jury found Jones guilty of the drug conspiracy, the district court sentenced Jones to 300 months' imprisonment.

On direct appeal, Jones challenged, inter alia, the admission of his co-conspirator's testimony about the text messages. This Court affirmed Jones's conviction and sentence. See United States v. Jones, 149 F. App'x 954 (11th Cir.

---

[1]We review de novo the availability of habeas relief under § 2241. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

2

2005).  The Court concluded, among other things, that the district court did not abuse its discretion in admitting the co-conspirator's testimony because Jones did not have an expectation of privacy in the text messages.  Id. at 959.

**B.    Jones's § 2255 Motion**

In 2006, Jones filed his first motion pursuant to 28 U.S.C § 2255.  Jones's § 2255 motion raised several challenges based on the text message evidence, including that: (1) Jones's conviction based on the unlawfully obtained text messages violated his due process rights; (2) the district court violated Jones's Fourth Amendment rights by admitting text message evidence at trial after granting Jones's motion to suppress; (3) the grand jury illegally indicted him based on the unlawfully obtained text messages; and (4) Jones's trial counsel was ineffective for failing to file a motion to dismiss his indictment or to prevent the admission of the text message evidence at trial.

The district court concluded that the first two § 2255 claims were procedurally barred because they already had been raised on direct appeal and the third claim was procedurally barred because Jones could have, but did not, raise it on direct appeal.  The district court denied the fourth claim on the merits, concluding Jones had not shown that his counsel's performance was deficient or that it prejudiced Jones because this Court had concluded on direct appeal that the evidence about the text messages was admissible.

3

## C.    Jones's § 3582 Motions

In 2008, the district court reduced Jones's sentence from 300 months to 243 months, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines.  On appeal, this Court affirmed Jones's modified sentence, rejecting Jones's contention that the district court should have given him a greater reduction.  See United States v. Jones, 324 F. App'x 794 (11th Cir. 2009).  In 2011, the district court denied Jones's second § 3582(c)(2) motion, based on Amendment 750, and this Court affirmed.  See United States v. Jones, 486 F. App'x 1 (11th Cir. 2012).

## D.    Jones's § 2241 Petition

In 2011, Jones also filed this § 2241 petition challenging the validity of his conviction and sentence.  Specifically, Jones claimed that he was "actually innocent" of the charged drug conspiracy because the government had unlawfully obtained the text message evidence used to indict and convict him;[2] and (2) that he was "actually innocent" of his mandatory minimum ten-year sentence in light of the Fair Sentencing Act ("FSA"), which amended the mandatory minimum sentences for crack cocaine offenses in 21 U.S.C. § 841.  Jones admitted that he had already filed one § 2255 motion, but argued that he should be allowed to

---

[2]Jones's § 2241 petition also alleged that his conviction was unlawful because the jury was not given a special verdict form differentiating the three drugs he was charged with conspiring to possess.  Jones does not mention this claim in this appeal.

proceed under § 2241 because § 2255 was inadequate and ineffective to challenge the legality of his detention.

The district court dismissed Jones's § 2241 petition. The district court found that: (1) Jones's petition challenged the validity of his sentence and was barred as a successive § 2255 petition; and (2) Jones had not shown that the "savings clause" of § 2255 applied and, therefore, could not seek relief under § 2241. Jones appealed.

## II. DISCUSSION

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). When, as here, the federal prisoner previously filed a § 2255 motion, he is barred from filing second and successive motions unless his claims rely upon the existence of newly discovered evidence or a new rule of retroactively applicable constitutional law. See 28 U.S.C. § 2255(h); United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002).

On appeal, Jones concedes that he cannot meet the requirements of § 2255(h) to pursue his claims in a successive § 2255 motion. Further, Jones did not seek this Court's authorization to file a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (requiring an applicant to first apply for and receive

permission from this Court before filing a successive § 2255 motion in the district court); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996).

Under limited circumstances, however, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition. See 28 U.S.C. § 2255(e). Under the savings clause, a federal prisoner can bring a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. Although the statute does not define "inadequate and ineffective," we do know that the restriction against second and successive § 2255 motions in § 2255(h), standing alone, does not render § 2255's remedy "inadequate or ineffective" within the meaning of the savings clause. Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1001 (2012). Thus, a prisoner cannot circumvent the requirements for filing a successive § 2255 motion merely by filing a § 2241 petition. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

In this particular case, we need not discuss or decide what kind of claim would be covered by the savings clause because the types of claims Jones makes here so clearly do not open the portal to the savings clause's limited jurisdiction. For example, with respect to his conviction claim, Jones does not identify any retroactively applicable Supreme Court decision, much less one that establishes

6

that Jones was convicted of a nonexistent offense.  See Gilbert, 640 F.3d at 1319-20.

Jones argues that United States v. Jones, 565 U.S. __, 132 S. Ct. 945 (2012), rendered him actually innocent, but this is not correct.  In Jones, the Supreme Court concluded that the government's installation and use of a GPS device on a suspect's vehicle constituted a search for purposes of the Fourth Amendment. Jones, 565 U.S. at __, 132 S. Ct. at 949.  The Jones decision does not help Jones here for several reasons.  First, although Jones characterizes his challenge to his conviction as an "actual innocence" claim, in fact Jones's conviction claim—that he was wrongly charged and then convicted based on unlawfully obtained text message evidence—is one of legal, rather than factual, innocence.  See Wofford, 177 F.3d at 1244 n.3 (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998), which explained that actual innocence means "means factual innocence, not mere legal insufficiency).

Second, Jones raised the text messages issues in both his direct appeal and his first § 2255 motion.  Third, Jones deals with the admissibility of evidence and does not establish that Jones was convicted of a non-existent crime or is factually innocent of the charged drug conspiracy.  Fourth, in any event, Jones was not made retroactive.

As to his FSA sentencing claim, Jones challenges the length of his sentence, but does not claim it exceeded his statutory maximum.  Instead, Jones cites Dorsey v. United States, 567 U.S. __, 132 S. Ct. 2321 (2012).  In Dorsey, the Supreme Court held that the FSA applied to a very narrow class of offenders who had committed their offenses before the FSA's August 3, 2010 effective date, but who were sentenced after that date.  Dorsey, 567 U.S. at __, 132 S. Ct. at 2326.  However, nothing in Dorsey indicates that the FSA applies to defendants, like Jones, who committed their offenses and were sentenced prior to the FSA's enactment.  United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013); United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

Jones also argues that the remedy provided by § 2255 is "inadequate or ineffective" because he already has filed his first (unsuccessful) § 2255 motion and cannot meet the requirements of § 2255(h) for filing a second § 2255 motion.  This Court already rejected that argument, concluding that "the existence of the statutory bar on second and successive motions cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [the prisoner's] detention within the meaning of the savings clause."  Gilbert, 640 F.3d at 1308.  Thus, the mere fact that Jones cannot pursue his claims in a second § 2255 motion does not mean they fall within the savings clause.

Because Jones failed to show that § 2255's remedy is "inadequate or ineffective" to test the legality of his detention, the savings clause does not apply to his claims. Accordingly, the district court properly dismissed Jones's § 2241 petition. For this reason, there is also no merit to Jones's argument that the district court was required by Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), to resolve his claims on the merits.

**AFFIRMED.**