[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

No. 05-15739
Non-Argument Calendar
_____

D. C. Docket No. 05-00145-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD FRANKLIN WALTERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 31, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Harold Franklin Walters appeals his conviction for possession of child

pornography that was transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, Walters argues that there was no evidence to suggest that his receipt of child pornography over the internet had a connection to, or an impact upon, interstate commerce, and thus, charging him under § 2252A(a)(5)(B) was plain error. He contends that the intrastate possession of child pornography for non-commercial purposes does not have an impact on interstate commerce, and the application of § 2252A in the instant case was unconstitutional. We find no merit to Walters' argument.

We have held that "the internet is an instrumentality of interstate commerce . . . [and] Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact." United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004). More recently, we concluded that "it is within Congress's authority to regulate all intrastate possession of child pornography, not just that which has traveled in interstate commerce or has been produced using materials that have traveled in interstate commerce." United States v. Maxwell, No. 03-14326, manuscript op. at 18 (11th Cir. Apr. 20, 2006).

Upon review of the record, we discern no reversible error. At trial, the

government proved, through witness testimony and forensic analysis, that Walters downloaded pornographic images using the internet, which is an instrument of interstate commerce. As such, there was no constitutional error in the indictment, and we affirm Walters's conviction.

**AFFIRMED.**