[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14224
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00728-WS-M


HAROLD FRANKLIN WALTERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 25, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Harold Franklin Walters, a federal prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. We affirm.

## I. BACKGROUND

In 2005, Walters was convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district judge sentenced him to 97 months of imprisonment, followed by a life term of supervised release. Walters appealed his conviction, and we affirmed. *United States v. Walters*, 182 F. App'x 944 (11th Cir. 2006) (per curiam). In March 2010, Walters filed a pro se 28 U.S.C. § 2255 motion to vacate and asserted (1) he did not confess to the crime via a taped confession and no such tape existed, and (2) the government had introduced copies of his emails at trial, which showed credit-card charges that did not exist. The district judge denied the motion to vacate as untimely.

In November 2011, Walters filed an application for leave to file a second or successive § 2255 motion to vacate in this court. He alleged the government had fabricated emails, which were offered at trial to prove he had accessed an internet pornography website and had paid with his credit card. He contended his credit card statements did not show any such charges. He further argued the government had alluded to a taped confession at trial, but neither he nor his attorneys ever saw or heard the tape. He believed such a tape did not exist. Walters contended he had attempted to recover the emails and tape for several years, to no avail. He believed

2

only a judicial decree ordering the production of those materials would demonstrate their nonexistence. We denied the application and concluded Walters had not explained how the purported evidence would cause no reasonable factfinder to find him guilty of possessing child pornography.

In February 2012, Walters filed a § 2241 petition and raised claims of actual innocence and newly discovered evidence. In his memorandum in support, Walters stated he wished to avail himself of the savings clause of § 2255(e), based on the Supreme Court's decision in *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064 (2006). He asserted our decision in *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999), did not foreclose merits review of his claims. He further contended he had been deprived of any opportunity to develop his claims, based on neglect by his attorney.

Walters again asserted, during his criminal trial, the government had referred to a purported taped confession by Walters of possessing child pornography. In his petition, Walters contended the tape did not exist. Walters also asserted the government had altered or fabricated emails, which purportedly showed he had accessed an internet pornography website and had paid for the site with a credit card. He argued he never had an opportunity to advance these claims via a § 2255 proceeding and therefore had been denied proper review of his claims. He

3

requested the district judge to permit him to develop his claims by ordering the government to produce the tape and emails.

A magistrate judge issued a report and recommendation ("R&R") and recommended Walters's § 2241 petition be denied. The magistrate judge concluded *House* was inapplicable in this case, because Walters had not satisfied the three-part requirement of *Wofford*, showing he could bring an action under § 2241. Nevertheless, the magistrate judge considered Walters's actual innocence claim in an abundance of caution and concluded Walters had not demonstrated he was actually innocent of possessing child pornography. The district judge adopted the R&R, denied the § 2241 petition, and dismissed the action.

## II. DISCUSSION

On appeal, Walters argues the district judge did not review his actual innocence claim properly, pursuant to *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013), and he requests us to define the review requirements under *McQuiggin*. He further contends he should not have been required to offer actual evidence of his factual innocence under *Wofford* and should have been allowed to develop his claims via discovery or an evidentiary hearing.

We review de novo whether a prisoner may bring a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255(e). *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013). "*Pro se* pleadings are

held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Issues not raised in the district court generally are deemed waived.  *Id.*

Typically, a prisoner collaterally attacks the validity of his federal sentence by filing a § 2255 motion in the district of conviction.  28 U.S.C. § 2255; *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Under very limited circumstances, however, the "savings clause" of § 2255 permits a federal prisoner to file a habeas petition under § 2241.  *Sawyer*, 326 F.3d at 1365.  Under the savings clause, a judge may entertain a § 2241 petition if the petitioner establishes the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Because the savings clause is jurisdictional, a petitioner must show § 2255 is "inadequate or ineffective" before the district judge has jurisdiction to review the § 2241 petition.  *Williams*, 713 F.3d at 1338-40.

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive our permission before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255(h).  Standing alone, such restrictions on successive § 2255 motions do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) ("*Gilbert II*").  A petitioner who has filed and been denied a

previous § 2255 motion may not circumvent the restrictions on successive § 2255 motions simply by filing a petition under § 2241.  *Id.*

Although the scope of the § 2255(e) savings clause has not been fully defined, we have noted, in dicta, a petitioner meets the requirements of the savings clause, when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, on appeal, or in his first § 2255 motion.  *Wofford*, 177 F.3d at 1244; *see also Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333-34 (11th Cir.) (describing the three-part test in *Wofford* as "dicta"), *cert. denied*, 133 S. Ct. 2873 (2013).  While we have stated *Wofford*'s three-step test was dicta, we have continued to recognize the limitations imposed by the *Wofford* test in determining whether a prisoner can bring a § 2241 petition under the savings clause.  *Williams*, 713 F.3d at 1341-44 (recognizing (1) a claim must be based on a retroactively applicable Supreme Court decision, and (2) the Supreme Court "must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion"); *see also Bryant v. Warden, FCC Coleman*, 738 F.3d 1253, 1256-57 (11th Cir. 2013) (applying a five-part test derived from *Wofford* to

6

determine whether the savings clause allowed a § 2241 petitioner to bring his petition, notwithstanding § 2255's limitations on second or successive motions).

A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating the savings clause applies to his claim. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). Once the savings clause "open[s] the portal to a § 2241 proceeding, the proper inquiry is whether the petitioner can establish actual innocence of the crime for which he has been convicted." *Wofford*, 177 F.3d at 1244 n.3. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

Walters previously filed a § 2255 motion and raised the same claims asserted in his § 2241 petition, and the district judge denied the motion as untimely. In addition, before filing his § 2241 petition, Walters filed, and we denied, an application for leave to file a second or successive § 2255 motion, which again raised the same claims alleged in his § 2241 petition. It is therefore evident Walters filed the § 2241 petition in an attempt to circumvent the restriction on successive § 2255 motions. *See* 28 U.S.C. § 2255(h); *Gilbert II*, 640 F.3d at 1308.

Walters provides no basis for his assertion that § 2255 is "inadequate or ineffective" in his case, other than the fact that he has not been permitted to

develop his claims.  None of Walters's claims are based on a retroactively applicable Supreme Court decision, and he cannot meet his burden to "open the portal" to a § 2241 proceeding.  *Wofford*, 177 F.3d at 1244 & n.3.  Although Walters argues *McQuiggin* changed the review process and applies retroactively, he did not raise those arguments in the district court, and they are deemed waived. *Tannenbaum*, 148 F.3d at 1263.

To the extent Walters argues he should be permitted to file a § 2241 petition because he is actually innocent, his contention is foreclosed, because he has not met the threshold requirement for showing the § 2255(e) savings clause applies. Because Walters has failed to show his claim satisfies the savings clause, he cannot proceed under § 2241.  28 U.S.C. § 2255(e); *Sawyer*, 326 F.3d at 1365. Accordingly, the district judge did not have jurisdiction over Walters's § 2241 petition and did not err in dismissing it.  *Williams*, 713 F.3d at 1339-40.

**AFFIRMED.**

8