[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10123
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00490-VMC-TBS


ISAAC KELVIN ALLEN,

                                                          Petitioner-Appellant,

                        versus

WARDEN,
FCC COLEMAN-MEDIUM,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 11, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Isaac Kelvin Allen appeals the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  His petition raised multiple grounds for relief, including that the court had wrongly imposed three-year terms of supervised release for his convictions of aggravated identity theft, instead of the statutory one-year maximum; he was wrongly ordered to pay restitution covering losses and victims that were unrelated to his offenses; and his trial attorney had rendered ineffective assistance during the plea colloquy that resulted in violations of Fed.R.Crim.P. 11.  In dismissing the instant § 2241 petition, the district court concluded that Allen had not met the requirements under the savings clause of 28 U.S.C. § 2255(e).

On appeal, Allen argues that the district court failed to fully review the arguments and evidence he had submitted to show that he met all of the requirements of the § 2255(e) savings clause.  He asserts that the court instead simply concluded in its order that he could not demonstrate that § 2255 was inadequate or ineffective to test the legality of his detention because "his challenge to his sentence [was] foreclosed by" *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011).  The fact that the court ignored the very evidence that would allow it to hear the issues in the § 2241 petition constituted a denial of due process.  Second, Allen argues that his three-year terms of supervised release, which exceeded the statutory maximum for convictions of aggravated identity theft, qualify as a

2

"fundamental defect" in sentencing that ultimately would allow him to seek relief under § 2241. Lastly, Allen argues that, for purposes of "opening the portal" to the § 2255(e) savings clause, a § 2255 motion would qualify as an "inadequate" or "ineffective" remedy to address technical violations of Fed.R.Crim.P. 11, since the Supreme Court barred such § 2255 claims in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review *de novo. Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). The "savings clause" of § 2255, however, permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. *Sawyer*, 326 F.3d at 1365. Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). We recently held that the savings clause is a jurisdictional provision, such that a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review the § 2241 petition. *Williams v.*

3

*Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1339-40 (11th Cir. 2013), *cert. denied*, No. 13-1221 (Oct. 6, 2014).

In *Williams*, we noted two necessary, if not sufficient, conditions for a sentencing claim to be viable under § 2255(e)'s savings clause.  *Id.* at 1343-44. First, the claim must be based on a retroactively applicable Supreme Court decision.  *Id.* at 1343.  Secondly, the Supreme Court "must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Id.*.

In *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), we faced the question whether a petitioner can use the savings clause to "open the portal" to § 2241 where an erroneous application of the Armed Career Criminal Act ("ACCA") resulted in a sentence that exceeded the statutory maximum.  *Bryant*, 738 F.3d at 1256.  We held that, in order to show that his prior § 2255 motion had been "inadequate or ineffective to test the legality of his detention," Bryant had to establish that: (1) throughout his sentencing, on direct appeal, and the first § 2255 proceeding, our binding precedent had specifically addressed his distinct prior state conviction that triggered 18 U.S.C. § 924(e) and had squarely foreclosed his § 924(e) claim that he was erroneously sentenced above the ten-year statutory maximum penalty in § 924(a);  (2) subsequent to his

first § 2255 proceeding, the Supreme Court's decision in *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), as extended by us to his prior conviction, overturned our precedent that had foreclosed his § 924(e) claim; (3) the new rule announced in *Begay* applied retroactively on collateral review; (4) as a result of *Begay*'s new rule being retroactive, Bryant's current sentence exceeded the ten-year statutory maximum authorized in § 924(a); and (5) the savings clause in § 2255(e) reached his pure § 924(e)-*Begay* error claim of illegal detention above his statutory maximum penalty in § 924(a).  *Id.* at 1274.

Here, the district court did not err in dismissing Allen's petition because he had failed to open the portal to § 2241 relief.  He has not shown that § 2255 relief was inadequate or ineffective to challenge his sentences' legality, as he did not base his claims on retroactively applicable Supreme Court decisions.  *Bryant*, 738 F.3d at 1274; *Williams*, 713 F.3d at 1343.  Furthermore, Allen's claim of a due-process violation by the district court is meritless, as the court's written order restated all of Allen's claims before reviewing the case law and discussing its conclusions.  Allen also has pointed to nothing else in the record to substantiate his claim that the court deliberately ignored his arguments that he qualified for § 2241 relief.  Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1]    Allen's Motion for Leave to File Out of Time Reply brief is GRANTED.