[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14997
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00398-JDW-TBS

JIMMY LEE FIELDS,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - USP 1,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jimmy Lee Fields, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. The district court dismissed the petition because Mr. Fields had previously been denied relief on a 28 U.S.C. § 2255 motion, and he failed to show that he was entitled to pursue his claims under § 2255(e)'s savings clause. After a review of the record and the parties' briefs, we affirm.

## I

Mr. Fields was convicted in 1995 of conspiracy to possess cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 846. The district court sentenced him to a statutorily-mandated term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii), because of his crime of conviction and his prior felony drug offenses. We denied Mr. Fields relief on direct appeal. *See United States v. Caldwell*, 204 F.3d 1120 (11th Cir. 1999) (table decision).

In 2000, Mr. Fields filed his first § 2255 petition, which the district court denied on all grounds. We denied him a certificate of appealability on that petition in 2003. Since that time, Mr. Fields has filed a variety of additional motions in the district and circuit courts seeking relief from his sentence. None of them proved meritorious.

In August of 2010, Mr. Fields filed the instant § 2241 petition, arguing that he is "innocent" of his "enhanced life sentence" under § 841(b)(1)(A) because (1)

during his case, the government filed a defective notice of his prior convictions under 21 U.S.C. § 851, and (2) the Fair Sentencing Act of 2010 is retroactive and no longer requires a mandatory life sentence for defendants with convictions like his. The district court dismissed the § 2241 petition, finding that Mr. Fields was attacking the validity of his sentence as opposed to the manner of its execution, that he was barred from seeking relief under § 2255 because it would be a successive motion to vacate, and that he failed to demonstrate that he could pursue his claims under § 2241 because he had not satisfied the savings clause under § 2255(e) (i.e., he had not shown that § 2255 was inadequate or ineffective to test the legality of his detention). Mr. Fields now appeals the district court's dismissal.

## II

We review *de novo* a district court's denial of habeas relief under 28 U.S.C. § 2241. *See Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). A federal prisoner must ordinarily bring any collateral attacks on his conviction or sentence under § 2255. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). A federal prisoner, however, may file a habeas petition pursuant to § 2241 under the limited circumstances stated in § 2255(e). *See* §§ 2241(a) & 2255(e).

Relief under § 2241, however, is available only if the prisoner can show that a § 2255 proceeding is "inadequate or ineffective to test the legality of his detention," as required by § 2255(e). *See Bryant v. Warden, FCC Coleman-*

*Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013).  This is a jurisdictional matter that must be decided before a court can address the merits of a petitioner's claims.  *See id.* at 1262.

"The existence of the statutory bar on second and successive motions cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [the prisoner's] detention within the meaning of the savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc).  Instead, to show that a prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," Mr. Fields must show that (1) binding circuit precedent squarely foreclosed his claim during his sentencing, his direct appeal, and his first § 2255 proceeding; (2) the United States Supreme Court overturned that circuit precedent in a decision issued after his first § 2255 proceeding; (3) the Supreme Court's new rule applies retroactively on collateral review; and (4) as a result of the Supreme Court's new rule, his sentence exceeds the statutory maximum authorized by Congress.  *See Bryant*, 738 F.3d at 1274.

## III

Mr. Fields argues that the Supreme Court's decisions in *DePierre v. United States*, 131 S. Ct. 2225 (2011), and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), are retroactive and establish that he was convicted of a now nonexistent offense.  We disagree.  First, he has not shown that these decisions are retroactive

4

on collateral review.  Second, even if they are, he has not demonstrated that they overturned circuit precedent or apply to the facts of his case.

In *DePierre*, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1), refers not only to crack cocaine, but also to any cocaine in its chemically-basic form.  131 S. Ct. at 2227-28.  Thus, the term "cocaine base reaches more broadly" than the term "crack cocaine" alone.  *Id.* at 2232 (internal quotation marks omitted).

In *Carachuri-Rosendo*, the Supreme Court ruled—in the context of an immigration proceeding—that an alien's second or subsequent simple drug possession conviction was not an "aggravated felony" conviction under 8 U.S.C. § 1229b(a)(3), because the simple possession offense had not been enhanced based on the fact of a prior conviction.  560 U.S. at 2580.

Here, the indictment against Mr. Fields alleged that he distributed "a substance containing a detectable amount of cocaine and cocaine base," and the evidence at trial showed that his offense involved both powder and crack cocaine. Mr. Fields was convicted of conspiracy to possess cocaine and cocaine base with intent to distribute under 21 U.S.C. § 841(b)(1)(A)(iii), and he received a sentence of life imprisonment because he also had been convicted of two prior qualifying drug offenses.  In short, *DePierre* and *Carachuri-Rosendo* have no impact on Mr.

Fields' conviction or sentence, and these Supreme Court decisions do not entitle him to pursue collateral relief under § 2241 via the savings clause in § 2255(e).

Mr. Fields also argues that the Fair Sentencing Act of 2010 applies to his case. In *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court held that the Fair Sentencing Act applies to offenders who committed crimes prior the Act's effective date but were sentenced after that date, even if the sentencing occurred prior to the issuance of the new Sentencing Guidelines based upon the Act. *See id.* at 2335-36. The Fair Sentencing Act took effect on August 3, 2010. *See id.* at 2326.

Mr. Fields, however, was sentenced in 1996, well before August of 2010, and the Fair Sentencing Act does not apply to offenders who committed their crimes and were sentenced prior to August 3, 2010. *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013); *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012). Thus, his Fair Sentencing Act claim fails.

## IV

Because Mr. Fields has failed to demonstrate that he satisfies § 2255(e)'s savings clause, the district court did not err by dismissing his § 2241 petition for habeas relief.

**AFFIRMED.**

6