[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-12853
Non-Argument Calendar

————————————————

D.C. Docket No. 4:11-cv-00312-MP-CJK

CLORETHA LAVERN WHITE,

Petitioner-Appellant,

versus

WILLIAM T. TAYLOR,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(January 20, 2016)

Before JORDAN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Cloretha Lavern White, a federal prisoner proceeding pro se, appeals dismissal of her 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1996, a grand jury charged White with (1) conspiracy to (a) commit carjacking, (b) use and carry firearms in relation to a crime of violence, (c) obstruct commerce by robbery, (d) transport stolen goods in interstate commerce, and (e) possess with the intent to distribute cocaine (Count 1); (2) carjacking with intent to cause death and serious bodily harm (Count 6); (3) using and carrying a firearm in connection with the carjacking in Count 6 (Count 7); (4) robbery of Mayor's Jewelers in Lakeland Florida (Count 8); (5) using and carrying a firearm in connection with the robbery in Count 8 (Count 9); (6) possession with intent to distribute cocaine (Count 11); and (7) transportation of stolen goods (Count 13). Regarding the Mayor's robbery in Count 8, the indictment alleged two of White's codefendants committed the robbery, while she was the getaway driver. Concerning Count 1, the indictment alleged White and her codefendants used the carjacked vehicles as getaway cars during jewelry-store robberies, then sold the stolen merchandise to purchase cocaine.  The indictment further alleged White and a codefendant robbed at gunpoint the Maier and Berkele jewelry store in Alpharetta, Georgia, as one of the overt acts in furtherance of the conspiracy.

2

At trial, White was found guilty on Counts 1, 6, 7, 8, 9, and 13. Concerning Count 6, the carjacking charge, White's judgment stated she was convicted of "carjacking resulting in death" and cited 18 U.S.C. § 2119, but it did not specify the subsection of the statute under which she was convicted. R. at 154. White received a sentence of life imprisonment for Counts 1, 6, 8, and 13, with a consecutive sentence of five years for Count 7 and a sentence of 20 years for Count 9, to be served consecutively to the sentence for Count 7. White appealed and asserted the evidence presented at trial was insufficient to support her convictions. We affirmed.

White filed her first 28 U.S.C. § 2255 motion in March 1999; she asserted several claims of ineffective assistance of counsel, two of which related to the sufficiency of the evidence for Count 9, the firearm charge concerning the Mayor's robbery. She attempted to amend her § 2255 motion several times, but the district judge denied her requests, because she repeatedly failed to follow the proper procedure for presenting a proposed amendment. The judge denied White's § 2255 motion. In discussing her claims regarding Count 9, the judge noted the evidence of guilt was overwhelming and described testimony given at trial regarding White's involvement in the robbery of the Maier and Berkele jewelry store. White subsequently filed a second § 2255 motion, which the district judge dismissed as successive.

3

White filed this 28 U.S.C. § 2241 petition in 2011 and challenged her conviction and sentence on Count 6, the carjacking charge. White asserted she was charged with simple carjacking under 18 U.S.C. § 2119(1), which carried a maximum penalty of 15 years, but was convicted of and sentenced to life imprisonment for carjacking resulting in death under 18 U.S.C. § 2119(3). She further contended we misinterpreted § 2119 in affirming her carjacking conviction on direct appeal.

In support of her claims, White cited *Holloway v. United States*, 526 U.S. 1, 119 S. Ct. 966 (1999), and *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215 (1999). To satisfy the intent element of § 2119, *Holloway* held the government need prove only the defendant possessed the conditional intent to harm or kill the driver if necessary to steal the vehicle. *Holloway*, 526 U.S. 12, 119 S. Ct. at 972. *Jones* explained § 2119 created three separate offenses with distinct elements that must be proved to a jury beyond a reasonable doubt. *Jones*, 526 U.S. at 251-52, 119 S. Ct. at 1228. White stated she filed her original § 2255 motion before *Holloway* and *Jones* were issued and subsequently sought to add claims based on those cases, but the district judge refused to allow her proposed amendments. Consequently, White argued she never had received a reasonable opportunity to obtain a judicial determination on the legality of her conviction and sentence.

4

White argued she was entitled to relief under § 2241 via the savings clause in § 2255(e).

White contended she satisfied the requirements for proceeding under the savings clause, because (1) *Holloway* and *Jones* applied retroactively, (2) at the time of her original § 2255 motion, we had an incorrect interpretation of § 2119, and (3) *Holloway* and *Jones* demonstrated she was convicted of a nonexistent crime and subjected to a sentence beyond the statutory maximum with which she was charged. White also raised an actual-innocence claim concerning her conviction for use of a firearm during a crime of violence in Count 9 of the indictment. She alleged she did not use the firearm at issue in Count 9 or participate in the related robbery and argued the judge in the § 2255 proceeding relied on a different robbery in denying relief.

The government responded the district judge lacked jurisdiction to entertain White's petition, because she was ineligible to proceed under the savings clause. White could not demonstrate her eligibility to proceed under § 2241, since the savings clause does not apply where relief under § 2255 was unavailable as a result of a procedural bar. Her motions to amend her initial § 2255 petition were denied on procedural grounds: her failure to file a proper proposed amendment; therefore, those denials could not serve as a basis for proceeding under the savings clause.

5

The government further asserted *Holloway* and *Jones* did not apply retroactively to cases on collateral review and did not establish White was convicted of a nonexistent crime. *Holloway* had no bearing on whether White was convicted of a nonexistent crime, because it merely clarified the intent required for a conviction under § 2119. Similarly, *Jones* did not render the carjacking crime nonexistent but clarified each subsection of § 2119 was a distinct crime. Finally, the government contended White procedurally defaulted her claims by not raising them on direct appeal.

The magistrate judge issued a report and recommendation ("R&R") and recommended White's petition be dismissed. The magistrate judge first concluded White's argument regarding the § 2255 judge's procedural treatment of her claims in no way addressed her eligibility to proceed under the savings clause. Neither *Holloway* nor *Jones* applied retroactively. The magistrate judge concluded White's claims being procedurally barred for purposes of a § 2255 motion did not render § 2255 an inadequate or ineffective remedy, since White had not demonstrated any of the requisite factors for proceeding under the savings clause. Therefore, White could not bring her claims under § 2241.

The judge adopted the R&R over White's objections and agreed she could not proceed under the savings clause because *Holloway* and *Jones* did not apply retroactively to cases on collateral review. The judge explained new substantive

6

rules, such as decisions that narrow the scope of a criminal statute, generally apply retroactively, while procedural rules typically do not. *Jones* was not retroactive, because it set out a procedural rule regarding the manner of determining a defendant's guilt under the carjacking statute and did not restrict the scope of punishable conduct covered by the statute. Similarly, *Holloway* was not retroactive because it widened, rather than narrowed, the scope of § 2119, since it allowed conviction where a defendant possessed only conditional intent to cause death or serious injury. Consequently, the judge dismissed White's petition with prejudice for lack of jurisdiction. White filed a motion to alter or amend the judgment, which the judge denied; this appeal followed.

On appeal, White contends the district judge erred in not allowing her to amend her § 2255 motion, which prevented her from obtaining review of meritorious claims. She also reiterates her arguments concerning her carjacking and firearm charges, the retroactivity of *Holloway* and *Jones*, and her entitlement to relief under the savings clause.

## II.  DISCUSSION

We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e). *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). Collateral attacks on the validity of a federal conviction or sentence generally must be brought under 28 U.S.C. § 2255. *Sawyer*

7

*v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

The "savings clause" of § 2255 permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241.  *Sawyer*, 326 F.3d at 1365.  Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Sawyer*, 326 F.3d at 1365.  The fact the petitioner faced a procedural bar in her first § 2255 motion does not render § 2255 inadequate.  *Bryant*, 738 F.3d at 1272.  The savings clause is a jurisdictional provision; a petitioner therefore must show § 2255 is "inadequate or ineffective" before the district judge has jurisdiction to review the § 2241 petition.  *Williams v. Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1338-40 (11th Cir. 2013), *cert. denied*, 135 S. Ct. 52 (2014).  The petitioner bears the burden of demonstrating the § 2255 remedy is inadequate or ineffective to test the legality of her detention.  *Bryant*, 738 F.3d at 1262.  An actual-innocence claim cannot open the gateway to relief under the savings clause.  *Zelaya v. Sec'y, Fla. Dep't of Corr*, 798 F.3d 1360, 1372 (11th Cir. 2015).  To proceed under § 2241, a federal prisoner

first must show some procedural defect in § 2255 renders it inadequate to test the legality of her conviction. *Id.*

When a prisoner has previously filed a § 2255 motion to vacate, she must apply for and receive permission from this court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). The restrictions on successive § 2255 motions do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc). Consequently, a petitioner, who has filed a previous § 2255 motion and been denied relief, may not circumvent the successive-motion rule simply by filing a petition under § 2241. *Id.*

We first addressed the scope of the savings clause in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). In *Wofford*, we determined the savings clause applies to a claim when (1) the claim is based on a retroactive decision of the Supreme Court; (2) that decision establishes the petitioner was convicted of a nonexistent offense; and (3) the claim was foreclosed by circuit precedent at the time it otherwise should have been raised. *Id.* at 1244. Subsequently, we have recognized the *Wofford* test is dicta as applied to challenges to convictions, because the petitioner in *Wofford* sought to challenge his sentence, rather than his conviction. *Zelaya*, 789 F.3d at 1370. Nevertheless, while acknowledging the *Wofford* test may not be the only way to claim relief under the savings clause, we have

9

continued to look to that test in determining whether a prisoner is entitled to relief under the savings clause. *Id.* at 1371-72; *see also Williams*, 713 F.3d at 1341-44. We further have stated the savings clause "at the very least, applies to actual-innocence claims due to a non-existent offense," and moreover allows a petitioner to bring a claim she erroneously was sentenced above the statutory maximum penalty. *Bryant*, 738 F.3d at 1274, 1281.

The federal carjacking statute criminalizes the taking of a motor vehicle by force or intimidation "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. The statute provides a maximum penalty of 15 years of imprisonment for simple carjacking. *See id.* § 2119(1). Where serious bodily injury results, the statutory maximum increases to 25 years of imprisonment, and where death results, the defendant may be sentenced to any term of years, up to life imprisonment, or to death. *Id.* § 2119(2)-(3). In *Jones*, the Supreme Court held each subsection of § 2119 established a separate offense with distinct elements that had to be charged by indictment and proved to a jury beyond a reasonable doubt. *Jones*, 526 U.S. at 251-52, 119 S. Ct. at 1228. In *Holloway*, the Supreme Court held the government need not prove the defendant had the unconditional intent to cause death or serious bodily injury to satisfy the intent element of § 2119. *Holloway*, 526 U.S. at 6-8, 12, 119 S. Ct. at 969-70, 972. The government need prove, only at the moment the defendant demanded or took control of the vehicle,

10

she possessed the intent seriously to injure or kill the driver if necessary to steal the car. *Id.* at 12, 119 S. Ct. at 972.

When the Supreme Court announces a "new rule," that rule applies to all criminal cases still pending on direct review. *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522 (2004). Such a rule applies in limited circumstances to convictions that already have become final. *Id.* New substantive rules, decisions that narrow the scope of a criminal statute or constitutional determinations that place certain conduct or classes of people beyond the government's ability to punish, generally apply retroactively to cases on collateral review. *Id.* at 351-52, 124 S. Ct. at 2522. These rules apply retroactively, because they carry the significant risk the defendant has been convicted of "an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352, 124 S. Ct. at 2522-23 (citation and internal quotation marks omitted). In contrast, new procedural rules generally do not apply retroactively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352, 124 S. Ct. at 2523 (citation and internal quotation marks omitted). In short, a substantive rule "alters the range of conduct or the class or persons that the law punishes," whereas a procedural rule "regulates only the manner of determining the defendant's culpability." *Id.* at 353, 124 S. Ct. 2523 (emphasis omitted).

11

The district judge did not err in concluding White failed to demonstrate her eligibility to proceed under § 2241 via the savings clause. Regarding the firearm charge in Count 9, White's actual-innocence claim cannot open the gateway to savings-clause relief, because she has not alleged any procedural defect in § 2255 that rendered it inadequate to challenge the legality of her conviction. *Zelaya*, 798 F.3d at 1372. White asserts she is factually innocent of the charge in Count 9; in deciding her § 2255 motion, the judge erred in concluding the evidence supported her conviction. White does not contend she was foreclosed from challenging her conviction in Count 9 by binding circuit precedent either on direct appeal or in her original § 2255 motion; she raised claims concerning the sufficiency of the evidence supporting that charge in both her direct appeal and § 2255 motion. *See Zelaya*, 798 F.3d at 1372; *Wofford*, 177 F.3d at 1244. Therefore, White "has not been deprived of a genuine opportunity" to challenge her conviction as to Count 9. *Zelaya*, 798 F.3d at 1372 (citation and internal quotation marks omitted).

White also did not show § 2255 was inadequate or ineffective to test the legality of her carjacking conviction and sentence in Count 6. The judge correctly concluded the procedural treatment of White's § 2255 requests to amend had no bearing on whether she was eligible to proceed under the savings clause, because it did not pertain to any of the *Wofford* factors or otherwise demonstrate § 2255 itself was inadequate to address her claims. *See Zelaya*, 798 F.3d at 1371-72; *Wofford*,

12

177 F.3d at 1244.  White's reliance on *Holloway* and *Jones* is unavailing. *Holloway* did not narrow the scope of § 2119 or place certain conduct beyond the power of the government to punish; instead, it expanded the intent requirement to permit conviction based on either a conditional or unconditional intent to cause death or serious bodily harm.  *See Schriro*, 542 U.S. at 351-52, 124 S. Ct. at 2522; *Holloway*, 526 U.S. at 12, 119 S. Ct. at 972.  Consequently, *Holloway* did not establish a new substantive rule retroactively applicable to cases on collateral review.  *See Schriro*, 542 U.S. at 351-52, 124 S. Ct. at 2522; *Wofford*, 177 F.3d at 1244.  At the time *Holloway* was decided, we had not opined on the correct interpretation of the intent requirement of § 2119.  Circuit precedent did not foreclose White from raising a claim concerning the intent element of her carjacking offense either on direct appeal or in her initial § 2255 motion.  *See Zelaya*, 798 F.3d at 1371; *Wofford*, 177 F.3d at 1244.

*Jones* similarly provides no relief for White.  In holding each subsection of § 2119 created a distinct offense that must be charged in an indictment and proved beyond a reasonable doubt, *Jones* altered only the manner of determining a defendant's culpability in a § 2119 prosecution.  *See Schriro*, 542 U.S. at 353, 124 S. Ct. at 2523; *Jones*, 526 U.S. at 251-52, 119 S. Ct. at 1228.  *Jones* is a procedural rule and does not automatically apply retroactively to cases on collateral review. *Schriro*, 542 U.S. at 352, 124 S. Ct. at 2523.  Moreover, *Jones* does not fall within

13

*Schriro*'s exception for the retroactive application of procedural rules. *See id.*

*Jones* simply applies to a particular statute the rule subsequently announced in

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), that any fact that

increases the penalty for a crime beyond the statutory maximum must be proved to

the jury beyond a reasonable doubt. *See Jones*, 526 U.S. at 251-52, 119 S. Ct. at

1228. We have held the rule announced in *Apprendi* does not apply retroactively

in the context of a § 2241 petition, since it is not a watershed rule of criminal

procedure warranting retroactive application. *See Dohrmann v. United States*, 442

F.3d 1279, 1281-82 (11th Cir. 2006). *Jones* likewise does not apply retroactively

and cannot supply a basis for White to proceed under the savings clause. *Zelaya*,

798 F.3d at 1371; *Wofford*, 177 F.3d at 1244. Because White failed to meet her

burden of showing § 2255 was inadequate or ineffective, the district judge did not

err in concluding she was ineligible to proceed under § 2241 via the savings clause.

*Zelaya*, 798 F.3d at 1373; *Bryant*, 738 F.3d at 1262; *Wofford*, 177 F.3d at 1244.

**AFFIRMED.**